## LAFFERTY v. SISTALLA.

GARNISHMENT — EXEMPTIONS — EARNINGS OF JUDGMENT DEBTOR—
STATUTES—STATUTORY CONSTRUCTION.

1. Where a judgment debtor filed an affidavit claiming his earnings which had been garnished as exempt under the statute, and thereupon said earnings were released by order of the court, but shortly thereafter the employer was again summoned as garnishee in the same case and upon the same judgment, and made answer showing the same earnings still due, it was not error for the court to find the same exempt and order them released, without a second affidavit of the debtor.

2. Statutes exempting from execution the personal earnings of a judgment debtor will be liberally construed to accomplish their purpose of saving debtors and their families from want by reason of misfortune or improvidence.

3. The statute (R. S., Sec. 3951) exempts from execution or attachment one-half of the earnings of the debtor for services rendered within sixty days next preceding the levy needed for the support of his family residing in this State, and provides that "there shall be exempt in all cases a sum not to exceed fifty dollars." *Held,* that said sum of fifty dollars out of such earnings is exempt, though it should exceed one-half of the entire amount due within the prescribed period.

[Decided April 20, 1903.]                    (72 Pac., 192.)

ERROR to the District Court, Sweetwater County, HON. DAVID H. CRAIG, Judge.

In an action brought by Mrs. Thomas Lafferty against J. Sistalla, judgment was rendered for plaintiff, and the Union Pacific Coal Company was summoned as garnishee. From an order discharging the garnishee the plaintiff prosecuted error. The material facts are stated in the opinion.

*T. S. Taliaferro, Jr.,* for plaintiff in error.

The trial court, by its order overruling the plaintiff in error's motion for a rehearing, construes Section 3951 of the Revised Statutes, 1899, as exempting to a judgment debtor in all cases fifty dollars, irrespective of the amount of wages or earnings for his personal services rendered at any time within sixty days next preceding the levy of a writ of attachment, when a proper showing is made as required by statute.

Our contention is that the language of the statute in no wise warrants such a construction, and that a judgment debtor under no conditions, whatever may be his personal earnings, due at any time within sixty days next preceding the levy of a writ, can claim more than *one-half* of such earnings as exempt, and that in no case can any exemption exceed fifty dollars.

The learned judge before whom this matter was heard construes the last sentence of the section as if it read: "There shall be exempt in all cases the sum of fifty dollars." whereas the statute does not so say, but, on the contrary, it expressly says that, irrespective of what sum may be one-half of the personal earnings of the debtor, that no greater sum than fifty dollars shall be exempt. In other words, there shall be exempt an unascertained sum, depending upon one-half of such personal earnings, but not to exceed fifty dollars.

It seems to us very clear that the last sentence was intended by the Legislature to limit what preceded it. Un-

less this be true, why was it necessary to have said that one-half of the earnings, etc., should be exempt?

In no other manner can the section be construed, and every word be given a meaning.

The error complained of in the first, second and third assignments of error in the motion for a rehearing is this:

On or about the 12th day of December, 1901, the plaintiff in error caused the Union Pacific Coal Company to be garnisheed. On the 20th of December, 1901, the defendant in error made an affidavit claiming certain exemptions allowed by Section 3951 of the Revised Statutes of Wyoming, 1899. On the 2d day of January, 1902, the Judge of the District Court made an order directing the sheriff and his deputies to release the garnishee. The record does not show that the order was ever communicated to the sheriff, nor did the order set aside, as exempt, any specific property or money to the defendant in error. On the 6th day of January, 1902, the plaintiff in error and execution creditor again caused the Union Pacific Coal Company to be garnisheed, and on that date found in its hands of the money of the execution debtor $42.65. No claim for exemption was made by the execution debtor to the judge, or at the hearing to the referee to the levy on the last named date. It is true that to a former attachment levied on or about the 12th day of December, 1901, an affidavit claiming exemption had been filed, but no order exempting specific property had been requested by the debtor or made by the court, though the judgment debtor had knowledge of the second levy of attachment, levied on January 6th, 1902, and was represented by his attorney before the referee on the 15th day of January, 1902, no claim for exemption was ever made as against the second levy. That the financial condition of the debtor might have changed in a month is certainly possible, and we do not see how the court could set aside on the 25th day of January, 1902, as the exempt property of the debtor the sum of $42.65, which the plaintiff in error found in the

hands of the garnishee on the 6th day of January, A. D. 1902, unless some claim for exemption was made by himself to the second levy. "A demand upon a former writ that has been stayed is not sufficient." (10 Ency. Pl. & Pr., 95, note 5; Bechtels Appeal, 2 Grant's Cas., 375.)

No appearance for defendant in error.

CORN, CHIEF JUSTICE.

The plaintiff in error, having obtained a judgment against the defendant in error, upon the 12th day of December had the Union Pacific Coal Company, by whom defendant in error was employed, summoned as garnishee. Upon a hearing on January 2d, defendant in error filed his motion to have the garnishee discharged and, with it, his affidavit under the statute, claiming the sum of $42.65, his earnings for the month of November, as exempt from execution. The court sustained the motion and made an order directing that the wages due from the company to defendant in error be released from the levy.

Upon January 6th plaintiff in error had the company again summoned as garnishee and, upon her motion, a referee was appointed to take the answer of the garnishee under oath. It answered that it was indebted to defendant in error in the sum of $42.65 for the month of November; that defendant had performed labor for the company in December and January, but that nothing was due defendant for those services, owing to the fact of collections made from him by the company for water, rent, hospital and store bills; that the whole amount due the defendant up to January 6th was the sum of $42.65, earned in November. The court found that the amount was exempt, and made its order accordingly.

1. Plaintiff in error contends, as we understand, that the hearing under the second summons in garnishment was a separate and distinct proceeding, and that, defendant having filed no second affidavit, there was nothing to show

that the amount in controversy was exempt; that there was no presumption that the facts stated in defendant's affidavit were true at the time of the second hearing, but that conditions might have changed.

We are unable to adopt this view of the case. It is true, no doubt, that a court is not authorized to incorporate into a proceeding before it an affidavit, or other evidence, presented in a separate and distinct proceeding. This, however, was not a separate proceeding, but was in the nature of a rehearing granted upon the suggestion of the plaintiff in error herself by the affidavit of her counsel to the effect that the facts were not as set out in the affidavit formerly presented to the court by defendant. It was between the same parties, the judgment and execution were the same, and it had reference to the same earnings claimed as exempt. No second affidavit was necessary, and it was correctly and truly recited by the court in its order that "it appears to the court from the answer of the garnishee herein and from the files and papers in this case that the said sum of $42.65 was heretofore claimed by defendant as exempt by law and was wages earned by defendant for his personal services during the month of November, 1901."

2.   Plaintiff in error further contends that in any event, under a proper construction of the statute, she is entitled to one-half of the amount, claimed as exempt, to be applied upon her execution. The section involved is 3951, Revised Statutes, 1899, and counsel for plaintiff in error contends that the correct interpretation is that one-half of the earnings of the judgment debtor for services rendered within the time prescribed shall be exempt, but that no such exemption shall in any case exceed the sum of fifty dollars; while the District Court held, upon the other hand, that whenever the debtor brought himself within the statute one-half his earnings were exempt when it appeared that they were necessary for the use of his family; but that his earnings were exempt to the extent of fifty dollars, although the latter sum should exceed the one-half of the entire

amount due him within the time prescribed. We think a brief review of the history of the statute will demonstrate that the reasonable interpretation is that adopted by the District Court.

The section as found in the Revised Statutes of 1887 was the Ohio statute, and read as follows: "Section 2831. The judge may order any property of the judgment debtor, or money due to him, not exempt by law, in the hands either of himself or other person, or of a corporation, to be applied toward the satisfaction of the judgment; but the earnings of the debtor for his personal services at any time within three months next preceding the order cannot be so applied, when it is made to appear, by the affidavit of the debtor, or otherwise, that such earnings are necessary for the use of a family supported wholly or partly by his labor." As amended the section is as follows: "The judge may order any property of the judgment debtor, or money due him, not exempt by law, in the hands of either himself or other person, or of a corporation, to be applied toward the satisfaction of a judgment; but one-half of the earnings of the judgment debtor for his personal services, rendered at any time within sixty days next preceding the levy of execution or levy of attachment, and due and owing at the time of such levy of execution or attachment, are exempt when it appears by the debtor's affidavit, or otherwise, that such earnings are necessary for the use of his family residing in this State, supported wholly or in part by his labors; there shall be exempt in all cases a sum not to exceed fifty dollars." (R. S. 1899, Sec. 3951.)

The comparison shows that the section as amended restricts the exemption to one-half, instead of extending it to the entire earnings, restricts the period within which the services must have been rendered to sixty days, instead of three months, and confines the benefits to a family residing within this State. Under the rule adopted by most of the courts in this country, that, in view of the fact that such statutes are enacted for the purpose of saving debtors and

their families from want by reason of misfortune or improvidence, they will be liberally construed to accomplish that purpose, we think there can be but one interpretation of the closing words of the section, that "there shall be exempt in all cases a sum not to exceed fifty dollars." The meaning is that in no case shall these amendments reduce the exemption to less than fifty dollars. It is in the nature of a finding by the Legislature that the exemption of a less sum than fifty dollars, out of the earnings of the debtor for sixty days, would not accomplish the purpose of the statute to preserve the family of the debtor from want. The judgment will be affirmed.            *Affirmed.*

Knight, J., and Potter, J., concur.