In re Richard William LINDELL–HEASLER and Marilyn Ann Lindell–Heasler, Debtors.

Richard William LINDELL–HEASLER and Marilyn Ann Lindell–Heasler, Appellants,

v.

James T. DINNEEN, Trustee, Appellee.

No. 92–CV–044J.

Bankruptcy No. 91–00753–A.

United States District Court, D. Wyoming.

Nov. 2, 1992.

Georg Jensen, Cheyenne, WY, for appellants.

James T. Dinneen, pro se.

## OPINION AND ORDER ON BANKRUPTCY APPEAL TO DISTRICT COURT

ALAN B. JOHNSON, Chief Judge.

This matter comes before the Court on an appeal from an order of the United States Bankruptcy Court for the District of Wyoming, denying Debtors' claimed exemption in a piano and determining that the piano is not included among the household goods contemplated by Wyo.Stat. § 1–20–106(a)(iii) and that the piano is not necessary for the debtors' fresh start under the United States Bankruptcy Code. This Court, having reviewed the record on appeal, the briefs of appellants and appellees, and being fully advised in the premises, now FINDS and ORDERS as follows:

### Background

The appellants, Richard William Lindell–Heasler and Marilyn Ann Lindell–Heasler, filed a Chapter 7 petition for relief with the United States Bankruptcy Court for the District of Wyoming on August 16, 1991. In their petition, the Debtors claimed exemptions in certain real and personal property in accordance with Wyoming law. Included with much other personal property listed on Debtors' Schedule C as exempt household goods was a piano and bench. The total allowable exemption amount for household goods and articles of Debtors is $4,000.00, and the total value of the Debtors' household goods and articles claimed was later stipulated by the parties to be $3,756.00, an amount which is in the aggregate less than the total allowable $4,000.00 exemption amount.

The Chapter 7 Trustee sought, and was subsequently granted, an order extending the time within which he would be permitted to object to the claimed exemption for the piano. The Trustee did object to the Debtors' exemption in the piano, claimed pursuant to Wyo.Stat. § 1–20–106(a)(iii) as an exempt household good. The Debtors' filed a traverse to the Trustee's objection, in which they reasserted their claim that the piano is an exempt household article and an article of personal property chosen by Debtors as exempt property in accordance with Wyo.Stat. § 1–20–106(a)(iii).

A stipulation of facts appears in the record on appeal. In addition to those stipulated facts above, the Trustee and Debtors also agreed that the piano was owned by the Debtors and was used by the Debtors and their dependents for their personal, family use in their home, and that the piano was not used as a tool of the trade or in any business of the debtor. The piano was held solely for personal use.

### Standard of Review

■ The bankruptcy court's findings of fact will not be disturbed unless they are clearly erroneous. Fed.R.Bankr.P. 8013. The bankruptcy court's conclusions of law, however, may be reviewed *de novo*. *In re Hart*, 923 F.2d 1410, 1411 (10th Cir.1991); *Hall v. Vance*, 887 F.2d 1041, 1043 (10th Cir.1989). Except to say that consistency is important and that the bankruptcy court

had previously ruled that a piano is not a household good and may not be exempted and is not needed to a fresh start in a bankruptcy case, the bankruptcy court in this case made no findings of fact other than those stipulated facts set forth above. It is only the bankruptcy court's conclusions of law that are the subject of this appeal, and this Court is free to conduct its own *de novo* review of those conclusions of law.

### Discussion

■ When a debtor files a petition for relief under the Bankruptcy Code, all of the debtor's property becomes property of a bankruptcy estate. *See* 11 U.S.C. § 541. The provisions of the Bankruptcy Code, however, allow the debtor to prevent the distribution of certain property to creditors by claiming that property as exempt property. *See* 11 U.S.C. § 522. A debtor may claim as exempt property items listed in 11 U.S.C. § 522(d), unless the state of the debtor's domicile has specifically opted out of the federal exemption scheme. 11 U.S.C. § 522(b)(2)(A). Wyoming has specifically opted out of the federal exemption scheme. Wyo.Stat. § 1–20–109 (1988). *See Johnston v. Barney*, 842 F.2d 1221 (10th Cir.1988). Thus, resolution of the issues presented in this appeal require an analysis of applicable Wyoming law relating to exempt property.

■ Earlier Wyoming cases have discussed the purpose underlying enactment of the exemption statutes. Property claimed to be exempt is exempt from levy of sale upon execution, writ of attachment or any process issuing out of any court in this state, Wyo.Stat. § 1–20–106(a). *See also In re VanGorp*, 128 B.R. 579, 580 (Bankr.D.Wyo.1991) (personal property protected from involuntary transfer by a creditor's use of legal process, such as forced sale upon attachment or execution). However, no property is exempt from attachment or sale upon execution for the purchase money of the property. Wyo.Stat. § 1–20–108(a).

Among other certain types of exempt property such as a homestead and tools of the trade, a debtor is entitled to exempt other personal property. The exemption at issue in this appeal is set out in Wyo.Stat. § 1–20–106(a)(iii). This section provides:

(a) The following property, when owned by any person, is exempt from levy or sale upon execution, writ of attachment or any process issuing out of any court in this state and shall continue to be exempt while the person or the family of the person is moving from one (1) place of residence to another in this state:

\* \* \* \* \* \*

(iii) Furniture, bedding, provisions and other household articles of any kind or character as the debtor may select, not exceeding in all the value of two thousand dollars ($2,000.00). When two (2) or more persons occupy the same residence, each shall be entitled to a separate exemption.

The Trustee contends a piano is not a household article which comes within the scope of Wyo.Stat. § 1–20–106(a)(iii). The Trustee also urges this Court to accept the bankruptcy court's finding that the property claimed as exempt must be necessary for the Debtors' fresh start under the Bankruptcy Code. The Debtors argue that they were free to select the piano as part of their exempt household articles pursuant to Wyo.Stat. § 1–20–106(a)(iii) and also urge that no requirement of "necessity" exists in the Wyoming statutory exemption scheme.

This Court agrees with the arguments advanced by the Debtors in this instance. While precedent cited by the Trustee is persuasive, it is not dispositive in this case. For example, in *In re McGreevy*, 955 F.2d 957 (4th Cir.1992), the property at issue (a shotgun and rifle) was in fact exempt under the applicable Maryland exemption statute. *McGreevy*, 955 F.2d at 959, n. 3. The issue in that case concerned the debtor's ability to avoid a lien on that property pursuant to 11 U.S.C. 522(f), not whether the property came within the existing framework of that state's exemption scheme.

The Wyoming statutory scheme, set forth above, does not include any definition of "household article." However, this Court has the benefit of earlier Wyoming Supreme Court decisions on many related exemption issues. In construing the statute in question, this Court is guided by the general principle that exemption statutes are to be liberally construed so as to effect their beneficent purposes. *Lingle State Bank of Lingle v. Podolak*, 740 P.2d 392, 394 (Wyo.1987); *Geist v. Converse County Bank*, 79 B.R. 939, 944 (D.Wyo.1987); *Johnston v. Barney*, 842 F.2d 1221, 1223 (quoting *Pellish Bros. v. Cooper*, 47 Wyo. 480, 38 P.2d 607, 609 (1934)).

Furthermore, the Court "must treat statutory requirements in terms of their objectives and purposes." *Geist v. Converse County Bank*, 79 B.R. at 944. Construing a related specific statute providing for a personal earnings exemption (not applicable in this case), the Wyoming Supreme Court stated:

"Under the rule adopted by most of the courts in this country, that, in view of the fact that such statutes are enacted for the purpose of saving debtors and their families from want by reason of misfortune or improvidence, they will be liberally construed to accomplish that purpose[.] ... The meaning is that in no case shall these amendments reduce the exemption to less than $50. It is in the nature of a finding by the Legislature that the exemption of a less sum than $50, out of the earnings of the debtor for 60 days, would not accomplish the purpose of the statute to preserve the family of the debtor from want."

*Lafferty v. Sistalla*, 11 Wyo. 360, 72 P. 192, 193 (1903). The Wyoming Supreme Court has consistently interpreted exemption laws liberally and in a manner calculated to protect improvident or unfortunate debtors. As with the public policy underlying Wyoming's homestead exemption laws which promotes a belief that preservation of the home is of greater social importance than the payment of the debt of creditors, *Geist v. Converse County Bank*, 79 B.R. at 944 [citing *Osborn v. Warner*, 694 P.2d

730, 732 (Wyo.1985) ], this Court believes the Wyoming Court will continue in the future to take a position which will promote similar policy considerations when it is called upon to consider other exemption statutes.

However, this Court is "limited in its application of an exemption statute by what the terms of that statute can fairly be said to embrace." *Johnston v. Barney*, 842 F.2d 1221, 1223 [quoting *Pellish Bros. v. Cooper*, 47 Wyo. 480, 38 P.2d 607, 609 (1934) ]. Wyo.Stat. § 1–20–106(a)(iii) plainly provides that "household articles of any kind or character as the debtor may select," will be exempt up to $2,000.00 per individual debtor. Furthermore, statutes must be construed so no part is inoperative or superfluous. *Coones v. Federal Deposit Ins. Corp.*, 796 P.2d 803, 804 (Wyo.1990).

The Debtors have sought to exempt a piano which is owned and used personally by them in their home. In the Schedule of personal property listing exempt household goods, the Debtors also claimed many other items of personal property, including a stereo, television, and VCR. The Debtors' claimed exemption in these items was not objected to by the Trustee. This Court fails to see a meaningful difference between a stereo and a piano. Both are items which are used and enjoyed in the home. Both items may provide entertainment and music to the Debtors and their family on a regular basis. There is no requirement in the Wyoming exemption statutes that property be necessary, or that the Debtors be limited only to the exemption of items that are indispensable for their daily living. The Wyoming statute clearly states that a debtor may select the items of personal property of any kind or character, pursuant to Wyo.Stat. § 1–20–106(a)(iii), so long as the total value of the property selected is within the prescribed statutory value limitations.

There is no evidence in the record that the value of all property selected by these Debtors exceeds the collective $4,000.00 value for "furniture, bedding, provisions and other household articles of any kind or character." Wyo.Stat. § 1–20–

752

106(a)(iii). The Trustee has failed in his burden of proving that the exemptions were not properly claimed. Fed. R.Bankr.P. 4003(c). A common sense reading of the plain language of Wyo.Stat. § 1–20–106(a)(iii), as well as this Court's review of the record in this case, compels the Court to conclude that the bankruptcy court's determination that the claimed exemption in the piano was not proper under Wyo.Stat. § 1–20–106(a)(iii) was erroneous as a matter of law.

Accordingly, it is hereby ORDERED that the bankruptcy court's January 30, 1992 Order on Trustee's Objection to Claim of Exemption disallowing the claim of exemption in the Debtors' piano be, and hereby is, REVERSED.