Island RICHARDS; The Sweetwater County Central Committee of the Republican Party of Sweetwater County, Wyoming; Kevin Ringdahl; Don Hartley; and Wally Johnson, Appellants (Petitioners),

v.

The BOARD OF COUNTY COMMISSIONERS OF SWEETWATER COUNTY, Wyoming; Claude ("Marty") Martin; Carl Maldonado; John Pallesen; and The Central Committee of the Democratic Party of Sweetwater County, Wyoming, Appellees (Respondents).

No. 99–253.

Supreme Court of Wyoming.

May 25, 2000.

Representing Appellants: Clark D. Stith, George Lemich, and Stan Decker Cannon of Greenhalgh, Beckwith, Lemich & Stith, Rock Springs, Wyoming. Argument by Messrs. Stith and Cannon.

Representing Appellees: Harold V. Moneyhun, Sweetwater County and Prosecuting

Attorney; Jason Petri, Deputy Sweetwater County and Prosecuting Attorney; Ford T. Bussart and Marvin L. Tyler of Bussart, West, Rossetti, Piaia & Tyler, P.C., Rock Springs, Wyoming. Argument by Messrs. Moneyhun and Tyler.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

GOLDEN, Justice.

This case presents an issue of first impression. In response to a complaint seeking a declaration of rights, the district court certified a question of law concerning the selection of a replacement for a county commissioner who, after being elected, changed his political affiliation and subsequently resigned. The statute at issue is Wyo. Stat. Ann. § 18-3-524 (LEXIS 1999), which provides the procedure for filling a vacancy in the office of county commissioner. However, the statute does not appear to address the situation presented here:

> Do the remaining county commissioners notify the political body to which the member whose office is vacant belonged at the time of the last election or at the time the office was vacated?

We hold the county commissioners must notify the political body to which the member whose office is vacant belonged at the time of the last election. As a result, the political party which supported the county commissioner during the last general election maintains a commissioner with that political affiliation in office until the next general election.

## CERTIFIED QUESTION

When a County Commissioner changes his political affiliation during his term in office and subsequently resigns, does the statutory language "the political party to which the member whose office is vacant belonged," as stated in W.S. § 18-3-524(a), mean the political party to which the member belonged at the time of the vacancy's occurrence?

## FACTS

Elwin McGrew (McGrew) was a registered member of the Democratic party when he was elected as a county commissioner to the Board of Sweetwater County Commissioners (Board) in November, 1996. When he took office in January, 1997, he was affiliated with the Democratic party. McGrew changed his party affiliation on January 6, 1999, and became a registered member of the Republican party. Although McGrew's term of office would not have expired until January, 2001, he resigned from the Board on May 18, 1999. When he vacated office, his party affiliation was with the Republican party.

The Board notified the central committee of the Democratic Party of Sweetwater County, Wyoming (Democratic Central Committee), of the vacancy. Island Richards, as chairman of the central committee of the Republican Party of Sweetwater County, Wyoming (Republican Central Committee), and as a qualified elector in Sweetwater County, Wyoming, and the Republican Central Committee filed the instant action, seeking a declaration of their rights, status and legal relationships. The district court filed an order certifying the question to this Court.

## STANDARD OF REVIEW

■ The certified question requires us to interpret the language of Wyo. Stat. Ann. § 18-3-524 (LEXIS 1999). As we stated in *Olheiser v. State ex rel. Wyoming Workers' Compensation Div.*, 866 P.2d 768, 770 (Wyo. 1994):

> We have interpreted statutes on innumerable occasions, so our standard is well established. First, we determine if the statute is ambiguous by looking at the plain and ordinary meaning of the words contained therein. *Parker Land & Cattle Co. v. Wyo. Game & Fish Comm'n*, 845 P.2d 1040, 1042-43 (Wyo.1993).
>
> A "statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability. * * * [A] statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpre-

tations. * * * [W]hether an ambiguity exists in a statute is a matter of law to be determined by the court." *Parker Land & Cattle Co.* at 1043 (quoting *Allied–Signal, Inc. v. Wyo. State Bd. of Equalization,* 813 P.2d 214, 219–20 (Wyo.1991)).

## DISCUSSION

Wyo. Stat. Ann. § 18–3–524 (LEXIS 1999) provides, in pertinent part:

(a) Within thirty (30) days after the office of any county commissioner becomes vacant the remaining members of the board shall declare a vacancy to exist and immediately give notice of the vacancy in writing to the chairman of the county central committee of the political party to which the member whose office is vacant belonged.

■ The Republican Central Committee argues the notice of the vacancy should have been given to it, as the county central committee of the political party to which Mr. McGrew belonged "when the vacancy occurred." On the other hand, the Democratic Central Committee claims the board of county commissioners correctly notified it, as the county central committee of the political party to which Mr. McGrew belonged "at the time of the last general. election." As such, the parties come to us with a question which requires this Court to finish the first sentence in subsection (a), that is, "the political party to which the member whose office is vacant belonged" *when* ? Finding the statute does not address or anticipate the situation presented in this case, we hold the statute is ambiguous.

■ Once the court determines a statute is ambiguous:

the court "will resort to general principles of statutory construction in the effort to ascertain legislative intent." *Story v. State,* 755 P.2d 228, 231 (Wyo.1988), *cert. denied,* 498 U.S. 836, 111 S.Ct. 106, 112 L.Ed.2d 76 (1990) [sic]. We believe that in ascertaining the legislative intent in enacting a statute * * * the court * * * must look to the mischief the act was intended to cure, the historical setting surrounding its enactment, the public policy of the

state, the conditions of the law and all other prior and contemporaneous facts and circumstances that would enable the court intelligently to determine the intention of the lawmaking body. *Carter v. Thompson Realty Co.,* 58 Wyo. 279, 291, 131 P.2d 297, 299 (1942); *see also, State ex rel. Motor Vehicle Div. v. Holtz,* 674 P.2d 732, 736 (Wyo.1983).

*Parker Land and Cattle Co.,* 845 P.2d at 1044.

Our review of the "historical setting surrounding its enactment," "the conditions of law and all other contemporaneous facts and circumstances," including both parties' persuasive arguments and counter-arguments, do not aid us in determining the intent of the legislature. However, when looking "to the mischief the act was intended to cure," we find it more reasonable that, when the legislature fails to provide for a certain situation, the legislature enacts the law assuming the situation that occurs in the majority of instances. Changing party affiliation after being elected is a relatively rare and infrequent occurrence. Therefore, in the majority of instances, a county commissioner leaving office is still affiliated with the political party which supported him in the last election.

In addition, we acknowledge that a county commissioner with a major party affiliation is often supported, financially and otherwise, by the political party he has pledged his allegiance to in preparation for his election bid. It would be contrary to public policy to allow an individual to frustrate the assumption of the political party which supported him that a person from that political party would hold that office until the next election. Therefore, considering the "public policy of the state," we hold that the statute calls for the board of county commissioners to notify the central committee of the party to which the former member belonged at the time of the last election.

We answer the certified question in the negative.