2002 WY 29

**In re Dixie WINTERS, a/k/a Dixie Racz Winters.**

**Tracy Zubrod, Appellant (Trustee/Objector),**

v.

**Dixie Winters, Appellee (Debtor/Respondent).**

No. 00–262.

Supreme Court of Wyoming.

Feb. 21, 2002.

Tracy L. Zubrod, Chapter 7 Bankruptcy Trustee, Cheyenne, WY, Representing Appellant.

Jo Ann Fulton of Fulton Law Office, P.C., Laramie, WY, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

LEHMAN, Chief Justice.

[¶ 1] Appellee Dixie Winters filed a Chapter 7 Bankruptcy Petition with the United States Bankruptcy Court, District of Wyoming, on October 13, 1999. On Schedule B of this petition, appellee listed that she owned "2 diamond rings (inherited from mother)." These rings were initially valued at $500.00. On Schedule C of her petition, appellee claimed these rings were exempted as "necessary wearing apparel" pursuant to Wyo. Stat. Ann. § 1–20–105. Appellee later amended Schedule B by changing the wording regarding the rings to "wedding rings" and amended the value of the rings to $200.00. Appellee continued to claim the rings were exempted as "necessary wearing apparel" under § 1–20–105.

[¶ 2] The bankruptcy estate, through its appointed trustee Tracy Zubrod, then objected in part to appellee's claimed exemption with respect to the rings. Upon hearing, the United States Bankruptcy Court entered an order finding the rings were not exempt. Appellee appealed to the United States Bankruptcy Appellate Panel of the Tenth Circuit.

[¶ 3] The United States Bankruptcy Appellate Panel of the Tenth Circuit held the rings constituted "wedding rings" under Wyo. Stat. Ann. § 1–20–105 and remanded the matter to the United States Bankruptcy Court to determine whether the rings were "necessary wearing apparel" as defined under that statute. After holding an evidentiary hearing on August 22, 2000, the United States Bankruptcy Court certified to the Wyoming Supreme Court the following question:

Are wedding rings inherited by an unmarried debtor, and which do not signify that debtor's own marriage but which are worn for sentimental and ornamental purposes, "necessary wearing apparel" under the provisions of Wyo. Stat. Ann. § 1–20–105 (Lexis 2000)?

[¶ 4] We answer the question in the negative.

## FACTS

[¶ 5] The facts in this case are not complicated. The two rings were inherited by appellee from her mother and were the mother's wedding rings. Appellee is not married, however, she wears the wedding band occasionally and the engagement ring on a more regular basis. The rings are worn for sentimental reasons and are not kept for investment purposes. The value of the rings and appellee's other exemptible wearing apparel do not total more than the maximum statutorily authorized exemption amount of $1,000.00 found in § 1–20–105.

## STANDARD OF REVIEW

[¶ 6] The certified question requires this court to interpret the meaning of Wyo. Stat. Ann. § 1–20–105 (LexisNexis 2001). Statutory construction is a question of law; accordingly, our standard of review is *de novo*. In interpreting statutes, our primary consideration is to determine the legislature's intent. All statutes must be construed in *pari materia;* and, in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony. We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence. *Wyoming Bd. of Outfitters & Professional Guides v. Clark,* 2001 WY 78, ¶ 12, 30 P.3d 36, ¶ 12 (Wyo.2001); *Richards v. Board of County Comm'rs,* 6 P.3d 1251, 1253 (Wyo.2000); *Fontaine v. Board of County Comm'rs,* 4 P.3d 890, 894–95 (Wyo.2000); *Wyoming Dep't of Transp. v. Haglund,* 982 P.2d 699, 701–03 (Wyo.1999).

## DISCUSSION

[¶ 7] Wyoming statute § 1–20–105 provides:

The necessary wearing apparel of every person not exceeding one thousand dollars ($1,000.00) in value, determined in the manner provided in W.S. 1–20–106 is exempt from levy or sale upon execution, writ of attachment or any process issuing out of any court in this state. Necessary wearing apparel shall not include jewelry of any type other than wedding rings.

[¶ 8] The United States Bankruptcy Code provides for the ability of the individual state legislatures to determine items of exemption which may be claimed pursuant to 11 U.S.C. § 522(b). This ability, known as "opting out" of the federal exemptions, is provided under 11 U.S.C. § 522(b) as follows:

Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

Once a state has exercised its option to utilize its own exemption statutes rather than the federal exemptions set forth in 11 U.S.C. § 522(d), a particular debtor may solely utilize the state-provided exemptions of his residency and may not choose between state and federal exemptions. *See* Wyo. Stat. Ann. § 1–20–109 and *In re Miller,* 101 B.R. 713, 715 (Bankr.E.D.Okla.1989).[1]

[¶ 9] Upon review of the Wyoming exemption statutes enacted and presently in place, giving particular attention to Wyo.

---

1. Wyoming statute § 1–20–109 (LexisNexis 2001) provides:

In accordance with section 522(b)(2) of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 522(b)(1) [11 U.S.C. § 522(b)(2)], the exemptions from property of the estate in bankruptcy provided in 11 U.S.C. § 522(d) are not authorized in cases where Wyoming law is applicable on the date of the filing of the petition and the debtor's domicile has been located in Wyoming for the one hundred eighty (180) days immediately preceding the date of the filing of the petition or for a longer portion of the one hundred eighty (180) day period than in any other place.

Stat. Ann. § 1–20–105, we do not find them to be ambiguous. We note, however, that the terms "necessary wearing apparel" and "wedding rings" have not been defined by statute nor have these terms been previously interpreted through established Wyoming case law.

[¶ 10] Nevertheless, we also recognize in attempting to glean the intent of the Wyoming legislature in enacting the designated exemptions, most particularly § 1–20–105, that the legislature did not include a separate exemption allowance for jewelry as does 11 U.S.C. § 522(d)(4), which provides:

The following property may be exempted under subsection (b)(1) of this section:

. . .

The debtor's aggregate interest, not to exceed $1000 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

We further note that the Wyoming legislature failed to afford a general exemption, sometimes known as a "wild card" exemption, for use by a debtor as had been allowed by other states to its debtors. As such, we believe that these omissions are indications that the legislature meant to expressly make jewelry nonexempt with the limited and explicit exception of wedding rings. Indeed, this intent is clearly identified by the legislature's plain and specific use of that language provided in the last sentence of § 1–20–105 that "[n]ecessary wearing apparel shall *not include jewelry of any type other than wedding rings.*" (Emphasis added.)

[¶ 11] Furthermore, upon review of the plain and unambiguous language used within § 1–20–105, we simply cannot agree with the holding rendered by the United States Bankruptcy Appellate Panel of the Tenth Circuit that the rings involved in this case constituted wedding rings under § 1–20–105. Rather, we construe the language used to be limited in nature to include only wedding rings of the debtor. This conclusion is supported by the definition of the term "wedding ring" as stated in *Webster's Third New International Dictionary Unabridged* (1997) as follows:

A ring often consisting of a plain gold or platinum band given by the groom to the bride during the wedding service; also: a similar ring given by the bride to the groom in a double-ring service.

[¶ 12] We conclude this limited approach is consistent with the general purposes and guidelines behind allowing debtors to file for bankruptcy protection. 4 *Collier on Bankruptcy* at ¶ 522.01 (15th rev. ed.) explains:

A fundamental component of an individual debtor's fresh start in bankruptcy is the debtor's ability to set aside certain property as exempt from the claims of creditors. Exemption of property, together with the discharge of claims, lets the debtor maintain an appropriate standard of living as he or she goes forward after the bankruptcy case.

1 *Collier on Bankruptcy* at ¶ 1.03[2][a] also recognizes that:

Chapter 7 of the Bankruptcy Code is entitled "Liquidation" and the title fully expresses the purpose of the chapter's provisions. Chapter 7 provides the mechanism for taking control of the property of the debtor, selling it, and distributing the proceeds to creditors in accordance with the distribution scheme of the Code.

Two ideals underlie chapter 7. From the creditor's viewpoint, chapter 7 establishes the concept of equitable distribution among creditors of a debtor's resources which, in most cases, are insufficient to permit full payment to all. From the individual debtor's vantage point, chapter 7 permits the honest debtor to obtain a new financial life through the discharge of unpaid debts.

(Footnotes omitted.)

[¶ 13] In attempting to balance the above noted basic bankruptcy principles, we believe that the better approach is to allow debtors an exemption as to their own personal wedding rings thereby not requiring debtors to hand over those wedding rings to satisfy claims of their creditors. As recognized long ago in the case of *Towns v. Pratt*, 33 N.H. 345, 66 Am.Dec. 726, 728 (1856):

The object of the [exemption] statute is not to secure to the debtor the enjoyment of property of that character at the expense of his creditors, but to prevent his being stripped of those articles of utility and convenience, under the limited value

prescribed, requisite for the comfort of himself and family in maintaining a household in every condition of life.

[¶ 14] As expressed by the United States Bankruptcy Court, District of Wyoming, in its Order on Objection to Exemption entered in this case, a ruling that all wedding rings, whatever their nature, are exempt under Wyo. Stat. Ann. § 1–20–105 would simply be to construe the explicitly expressed exemption stated therein to the point of absurdity. We agree.

### CONCLUSION

[¶ 15] For the reasons expressed above, we find that pursuant to Wyo. Stat. Ann. § 1–20–105 an exemption exists only for wedding rings insofar as such wedding rings signify the debtor's own personal marriage. Thus, rings which do not represent the debtor's own personal marriage are not exempt as they do not constitute "necessary wearing apparel" as specifically expressed within the plain and unambiguous language of Wyo. Stat. Ann. § 1–20–105.

[¶ 16] Accordingly, we hold that wedding rings inherited by an unmarried debtor, and which do not signify that debtor's own marriage but which are worn for sentimental or ornamental purposes, are not "necessary wearing apparel" under the provisions of Wyo. Stat. Ann. § 1–20–105. The certified question is answered in the negative.