BURKE, Justice.
[¶1] Appellant, Thomas L. Crow, challenges an order denying his claim that his paintings are statutorily exempt from execution to satisfy a judgment debt. We affirm.
ISSUE
[¶2] Did the district court err in concluding that paintings owned by Mr. Crow are not exempt from execution as "pictures" under Wyo. Stat. Ann. § 1-20-106(a)(i) ?
FACTS
[¶3] In 2013, 2010-1 RADC/CADC Venture, LLC (RADC), obtained a Colorado judgment against Mr. Crow for nearly two million dollars. Later that year, RADC filed the judgment as a foreign judgment in the district court for Teton County, Wyoming, where Mr. Crow owned real and personal property. The matter lay dormant for the next three years.
[¶4] In 2016, RADC assigned its interest in the judgment to Radiance Capital Receivables Nineteen, LLC (Radiance), and Radiance applied for a writ of execution to be issued against Mr. Crow's "real, personal and equitable" assets located in Teton County. The clerk of court issued the requested writ, and the Teton County Sheriff attached Mr. Crow's property. Included in the attached property are more than 30 works of art, described by Mr. Crow as "primarily framed oil, watercolors and acrylic paintings." These paintings are the subject of this appeal.
[¶5] Mr. Crow filed an objection to the writ of execution, claiming that:
• All of the attached property was exempt because he owned it jointly with his wife as tenants by the entirety;
• All of the attached property had an aggregate value of no more than four thousand dollars and was therefore exempt under Wyo. Stat. Ann. § 1-20-106(a)(iii), which exempts "[f]urniture, bedding, provisions and other household articles of any kind or character as the debtor may select, not exceeding in all the value of four thousand dollars ($4,000.00)";
• His 2004 Range Rover was exempt pursuant to Wyo. Stat. Ann. § 1-20-106(a)(iv), which exempts "[t]he value in a motor vehicle not exceeding five thousand dollars ($5,000.00)"; and
• His "pictures (labeled as 'artwork' listed on Sheriff's inventory)" were exempt under Wyo. Stat. Ann. § 1-20-106(a)(i), which exempts "[t]he family bible, pictures and school books."
[¶6] Following a hearing, the district court entered an order generally denying the claimed exemptions. The court determined that:
• "[P]ersonal property is not held by the entirety unless a document shows it is held by the entirety or if all unities of interest are satisfied." Mr. Crow did not provide any evidence indicating that the unities of interest were satisfied, and so "there is no tenancy by the entirety in the personal property in this case."
• Many of the attached items, including "artwork, skis, bicycles, an antique phone, and 'several boxes' of china are not 'household articles' which has been construed to mean 'a necessary article in ordinary housekeeping.' In re Tidball , 40 F.2d 560 (D. Wyo. 1930)." A few items, including "a single set *1173 of china used for eating, furniture items, and potentially the rugs," may qualify as household articles, but because the value of these exempt items may not exceed four thousand dollars, they must be appraised pursuant to the statutory process found in Wyo. Stat. Ann. § 1-20-106(c).
• Wyo. Stat. Ann. § 1-20-106(a)(iv) does not exempt the entire vehicle, but only the "value in a motor vehicle not exceeding five thousand dollars ($5,000.00)." Accordingly, Mr. Crow would be entitled to receive five thousand dollars upon the sale of the vehicle, but the vehicle itself is not exempt from attachment and sale.
• The paintings are not exempt:
The Court appreciates the personal and emotional value Mr. Crow and his family may place on the collection of artwork. However, collectible artwork is not a "picture." The Bankruptcy Court, when applying the state exemption statutes has applied the maxim of statutory interpretation that the words of the statute are construed with the surrounding words. In re Winters , 40 P.3d 1231 (Wyo. 200[2] ) (holding that wedding rings that were not the debtor's wedding rings are not "wearing apparel"); In re Tidball , 40 F.2d 560 (holding that a typewriter and a phonograph were not "other household items" like furniture and bedding). The provision for "family bible, pictures and school books" suggest[s] articles of deeply personal value, whose value is rooted in the memories associated with the property. Artwork, while it may have sentimental value, is not like a family bible nor is it like pictures of family or life events. It is different in kind, more like a luxury good purchased at a high price. To allow judgment debtors to keep luxury goods through the "pictures" exemption would be inconsistent with the other exemptions [which] are based on basic necessities, such as keeping wearing apparel, tools of the trade, and necessary household goods.
[¶7] Following entry of the order, Mr. Crow filed a motion seeking a temporary stay of a scheduled sheriff's sale of the assets. The motion was denied. On the same day that the order denying stay was signed, Mr. Crow filed a petition for bankruptcy seeking protection under Chapter 7 of the United States Bankruptcy Code. He subsequently filed a notice of the bankruptcy filing with the district court and the district court entered an order staying the state court proceedings, which had the effect of postponing the sheriff's sale. In bankruptcy court, Mr. Crow moved to modify the automatic stay to pursue an appeal of the district court's order concerning the exemptions. The motion was granted, and Mr. Crow filed a notice of appeal, bringing the matter before us.[1]
STANDARD OF REVIEW
[¶8] Mr. Crow contends his paintings are "pictures" that qualify for the exemption set forth in Wyo. Stat. Ann. § 1-20-106(a)(i). To resolve this issue, we must interpret the statute. "Statutory interpretation raises questions of law, which we review de novo ." PacifiCorp, Inc. v. Department of Revenue , 2017 WY 106, ¶ 9, 401 P.3d 905, 908 (Wyo. 2017) (citing State, ex rel., Wyoming Workers' Safety and Compensation Div. v. Smith , 2013 WY 26, ¶ 9, 296 P.3d 939, 941-42 (Wyo. 2013) ).
DISCUSSION
[¶9] When interpreting a statute, our primary goal is to give effect to the intent of the legislature. PacifiCorp , ¶ 10, 401 P.3d at 908. We attempt to determine legislative intent based primarily upon the plain and ordinary meaning of the words used in the statute. Id ."Where legislative intent is discernible a court should give effect to the 'most likely, most reasonable, interpretation of the statute, given its design and purpose.' " Id . (quoting Adekale v. State , 2015 WY 30, ¶ 12, 344 P.3d 761, 765 (Wyo. 2015) (quoting Rodriguez v. Casey , 2002 WY 111, ¶ 20, 50 P.3d 323, 329 (Wyo. 2002) ) ). We will *1174 not interpret a statute in a way which renders any part of it meaningless or in a manner producing absurd results. Adekale , ¶ 13, 344 P.3d at 765-66.
[¶10] Wyo. Stat. Ann. § 1-20-106(a) (LexisNexis 2015) provides as follows:
(a) The following property, when owned by any person, is exempt from levy or sale upon execution, writ of attachment or any process issuing out of any court in this state and shall continue to be exempt while the person or the family of the person is moving from one (1) place of residence to another in this state:
(i) The family bible, pictures and school books;
(ii) A lot in any cemetery or burial ground;
(iii) Furniture, bedding, provisions and other household articles of any kind or character as the debtor may select, not exceeding in all the value of four thousand dollars ($4,000.00). When two (2) or more persons occupy the same residence, each shall be entitled to a separate exemption;
(iv) The value in a motor vehicle not exceeding five thousand dollars ($5,000.00).
(b) The tools, team, implements or stock in trade of any person, used and kept for the purpose of carrying on his trade or business, not exceeding in value four thousand dollars ($4,000.00), or the library, instruments and implements of any professional person, not exceeding in value four thousand dollars ($4,000.00), are exempt from levy or sale upon execution, writ of attachment or any process out of any court in this state.
(c) The value of the property selected by any debtor shall be ascertained by the appraisement of three (3) disinterested appraisers, to be selected and summoned by the officer claiming to levy upon, attach or sell the property. The appraisers shall be sworn by the officer to make a true appraisement of the value of the property.
[¶11] Mr. Crow asks us to interpret the statute based upon the plain and ordinary meaning of the words used in the statute, and he cites dictionary definitions of the word "picture" such as a "design or representation made by various means (such as painting, drawing or photography)," and a "painting or drawing." Based on these definitions, he claims that the statutory term "pictures" unambiguously includes his paintings.
[¶12] Radiance counters that such an interpretation is at odds with the general purpose of the exemption statutes, emphasizing this statement from our precedent:
Under the rule adopted by most of the courts in this country, that, in view of the fact that such statutes are enacted for the purpose of saving debtors and their families from want by reason of misfortune or improvidence, they will be liberally construed to accomplish that purpose, we think there can be but one interpretation of the closing words of the section that "there shall be exempt in all cases a sum not to exceed fifty dollars." The meaning is that in no case shall these amendments reduce the exemption to less than $50. It is in the nature of a finding by the Legislature that the exemption of a less sum than $50, out of the earnings of the debtor for 60 days, would not accomplish the purpose of the statute to preserve the family of the debtor from want .
Lafferty v. Sistalla , 11 Wyo. 360, 365-66, 72 P. 192, 193 (1903) (emphasis added). Radiance asserts that, consistent with this purpose, the statutory exemptions apply only to such items as are necessary to preserve a basic standard of living. That, Radiance contends, does not include a collection of valuable paintings. Radiance further asserts that the statute could be read such that the adjective "family" modifies bible, pictures, and school books, so that the statutory exemption applies only to the family bible, family pictures, and family school books.
[¶13] Mr. Crow's assertion that the word "pictures" should be given its ordinary dictionary definition presents a plausible interpretation of the statute. Common dictionary definitions of the word "picture" include a "visual representation or image drawn, photographed, or otherwise rendered on a flat surface," American Heritage College Dictionary 1053 (4th ed. 2004), and "a design or *1175 representation made by various means (as painting, drawing, or photography)." Webster's Ninth New Collegiate Dictionary 890 (1991). Under those definitions, the paintings at issue would qualify as "pictures." However, we cannot view the statutory provision in isolation. When the other applicable statutory provisions are considered, it is clear that Mr. Crow's paintings do not fall within the exemption.
[¶14] We have often explained that we read
each statutory provision in pari materia , giving effect to every word, clause, and sentence according to their arrangement and connection. To ascertain the meaning of a given law, we also consider all statutes relating to the same subject or having the same general purpose and strive to interpret them harmoniously. We presume that the legislature has acted in a thoughtful and rational manner with full knowledge of existing law, and that it intended new statutory provisions to be read in harmony with existing law and as part of an overall and uniform system of jurisprudence.
PacifiCorp , ¶ 10, 401 P.3d at 908-09 (quoting Nicodemus v. Lampert , 2014 WY 135, ¶ 13, 336 P.3d 671, 674 (Wyo. 2014) ). Read as a whole and interpreted harmoniously, Wyo. Stat. Ann. § 1-20-106 exempts two different types of assets from execution. The first type includes items that are generally of low monetary value to creditors, but of significant utility or sentimental value to the debtor and his family. Included in this first type of assets are the family bible, school books, and cemetery lots.
[¶15] The second type includes items with relatively higher monetary value, but which are nevertheless necessary, as we said in Lafferty , 11 Wyo. at 366, 72 P. at 193, "to preserve the family of the debtor from want." Included in this second type of assets are furniture, bedding, and other household articles; the value in a motor vehicle; tools and implements or stock in trade needed to carry on a trade or business; and the library, instruments, and implements of a professional person. A companion statute, Wyo. Stat. Ann. § 1-20-105, similarly exempts necessary wearing apparel.
[¶16] On the first type of assets, the statute sets no limit on the value of the exempted items. Wyo. Stat. Ann. § 1-20-106(a)(i) and (ii). This makes sense because, as mentioned previously, these items tend to have little monetary value to creditors. In contrast, the statute sets monetary limits on all exempted items of the second type. The limit on exempted furniture, bedding, and other household articles is four thousand dollars. Id ., § 1-20-106(a)(iii). The limit on the exempted value of a motor vehicle is five thousand dollars. Id ., § 1-20-106(a)(iv). The limit on exempted tools, implements, or stock in trade is four thousand dollars, and the same limit applies to the library, instruments, and implements of a professional. Id ., § 1-20-106(b). The limit on wearing apparel is two thousand dollars. Id ., § 1-20-105. These limits also make sense because they strike a balance between, on the one side, allowing debtors to retain items needed to preserve the family from want and, on the other, allowing creditors to execute on assets of potentially significant monetary value.
[¶17] The statute places no limit on the value of exempted "pictures." Id ., § 1-20-106(a)(i). This strongly indicates that the "pictures" the legislature intended to exempt from execution are assets of the first type-those of high utility or sentimental value to the debtor and his family, but of relatively low monetary value to creditors. Pictures of family members or important events in the family's life would be included as this type of asset. If the legislature had intended the word "pictures" to include paintings of potentially significant monetary value without any personal connection to the debtor or the debtor's family, as Mr. Crow contends, then it would most likely have placed a limit on the exemption for "pictures," as it did for other relatively high-value assets. The fact that the legislature instead included "pictures" among the other exempt assets of the first type-between "family bible" and "school books"-leads us to reject Mr. Crow's interpretation of the statutory exemption because it is contrary to the legislature's intent as indicated by the structure of the statute as a whole.
*1176 [¶18] Our conclusion is in harmony with our decision in Zubrod v. Winters (In re Winters ), 2002 WY 29, 40 P.3d 1231 (Wyo. 2002). In that case, we interpreted Wyo. Stat. Ann. § 1-20-105, which exempted "necessary wearing apparel," but specified that "[n]ecessary wearing apparel shall not include jewelry of any type other than wedding rings." Zubrod , ¶ 7, 40 P.3d at 1233. Ms. Winters, having filed for bankruptcy, claimed an exemption for two "wedding rings" she had inherited from her mother. We rejected her claim determining that the exemption existed
only for wedding rings insofar as such wedding rings signify the debtor's own personal marriage. Thus, rings which do not represent the debtor's own personal marriage are not exempt as they do not constitute "necessary wearing apparel" as specifically expressed within the plain and unambiguous language of Wyo. Stat. Ann. § 1-20-105.
Zubrod , ¶ 15, 40 P.3d at 1235. Consistent with the determination in Zubrod that the legislature intended statutory exemptions to be limited, we conclude that the term "pictures" in Wyo. Stat. Ann. § 1-20-106(a)(i) does not extend to Mr. Crow's paintings.[2]
[¶19] Further, as asserted by Radiance, Mr. Crow's interpretation would allow him, "and any other future debtor, to collect a hoard of 'pictures,' in the form of [paintings] of unlimited value, secure in the knowledge that his creditors had no recourse and could not seize those assets." On this basis, Radiance claims that Mr. Crow's interpretation leads to an absurd result. "Interpretation should not produce an absurd result." Decker v. State ex rel. Wyo. Med. Comm'n , 2008 WY 100, ¶ 16, 191 P.3d 105, 118 (Wyo. 2008) (quoting Hede v. Gilstrap , 2005 WY 24, ¶ 6, 107 P.3d 158, 163 (Wyo. 2005) ). We agree with Radiance that such a result is not consistent with the statute on exemptions as a whole.
[¶20] Our conclusion is also consistent with a decision from the Superior Court of Ohio that was reached more than 150 years ago addressing a similar issue:
We ought not to extend the exemption in these clauses to the private gallery of a connoisseur, nor yet to costly pictures, the subjects of which are not connected with the family in whose possession they are found. As the family Bible is specially excepted which preserves the names, the births, the marriages, and the burial of the parents and the children, so the portrait of a father or a mother may well be preserved as a living memory to a son or a daughter, alike consecrated by human sympathy, and vindicated by the law.
M'Micken v. Board of Directors of the M'Micken Univ. , 3 Ohio Dec. Reprint 429, 492, 1863 WL 1888, at * 4 (Ohio Super 1863). For all of these reasons, we conclude that the term "pictures" as used in Wyo. Stat. Ann. § 1-20-106(a)(i) does not include Mr. Crow's paintings.
[¶21] Affirmed.

Mr. Crow's appeal involves only the district court's ruling on the exemption for his paintings under Wyo. Stat. Ann. § 1-20-106(a)(i). He does not challenge any other aspect of the district court's decision.

The burden of proof was on Mr. Crow to establish the nature of the property he claims as exempt. Hancock v. Stockmens Bank & Trust Co. , 739 P.2d 760, 761 (Wyo. 1987). Radiance provided copies of photographs of the items seized by the Sheriff's Department in its objection to Mr. Crow's exemption claim. Photographs of the artwork at issue were included in the inventory. Mr. Crow did not present any evidence other than the affidavits of his wife and daughter in support of his tenancy by the entirety exemption claim.