## PELLISH BROS. v. COOPER

(No. 1884; December 11, 1934; 38 Pac. (2d) 607)

For the appellant, the cause was submitted on the brief of *W. E. Tipton,* of Laramie.

The cause was submitted for the respondent upon the brief of *S. G. Parker*, of Laramie.

BLUME, Justice.

In this case the plaintiff, appellant here, attached a Dodge sedan in a suit brought by him in justice court against James G. Cooper, defendant, respondent here. The latter filed an affidavit claiming that the automobile was exempt, by reason of the fact that its value was less than $300.00, and because it was used and was necessary to be used by him in his business as a taxi driver. The claim of exemption was denied in justice court, but on appeal the district court held that the automobile was exempt from seizure. From this judgment the plaintiff has appealed.

The evidence is not in the record, and we must, accordingly, assume that the facts requisite for a claim of exemption were duly established. And the only question before us is as to whether or not an automobile can under any state of facts be held to be exempt under section 89-2992, Rev. St. Wyo. 1931, which, in part, reads as follows:

"The tools, team and implements, or stock in trade of * * * any person, used and kept for the purpose of carrying on his trade or business, not exceeding in value three hundred dollars * * * shall be exempt from levy or sale upon execution, writ of attachment or any process out of any court in this state."

The statute was originally enacted in 1886. Sess. L. 1886, C. 60, Sec. 442. At that time the automobile was unknown, and it is argued by the appellant that in view of the fact that it was not, and could not have been, in contemplation of the legislature, the statute

cannot be extended so as to embrace it within its terms. The case of Prater v. Reichman, 135 Tenn. 485, 187 S. W. 305, lends some, but not a great deal, of support to this contention. We have never decided the point. One similar to it arose under a constitutional provision considered in the case of Chicago & N. W. Ry. Co. v. Hall, 46 Wyo. 380, 26 P. (2d) 1071. Tie plants were not in existence at the time of the adoption of the constitution, and it was contended that they could not, accordingly, be considered as embraced within the terms of Section 10, Article 15, of the Constitution. We said on that point:

"We might say in that connection, before proceeding farther, that it is apparently argued by counsel for the defendant that tie-preserving plants were not in use in 1889; that they were not in the contemplation of the framers of the Constitution or of the people; and that they cannot, accordingly, be considered as embraced in, or contemplated by, the section of the Constitution now under consideration. This contention, we think, is too broad. The section is a part of our organic law. The Constitution is, in a sense, a living thing, designed to meet the needs of progressive society, amid all the detail changes to which such society is subject. State v. Keating, 53 Mont. 371, 163 P. 1156; Henshaw v. Foster, 9 Pick., (Mass.) 312. Hence, though tie-preserving plants were not in existence at the time of the adoption of the Constitution, still, if it can be said that the language used in the section under consideration, naturally construed, may fairly be said to embrace them, we would not be justified in excluding them therefrom merely for the reason that they were not in existence at the time of the adoption of the Constitution. 12 C. J. 703, 704."

It may be that the rule should not be as broad in the case of a statute. But it is well settled that things not existing at the time of the enactment of a law may be held to be within its terms in cases in which it deals with a genus of things. 59 C. J. 973-975; 25 R. C. L. 778; McCleary v. Babcock, 169 Ind. 228, 82 N. E. 453;

Hurley v. Inhabitants, 105 Me. 301. 74 Atl. 734; Hanna's Election Contest, 5 Pa. Dist. Co. 139. The rule is well stated in 25 R. C. L. 778, as follows:

"A general law may, and frequently does, originate in some particular case or class of cases which is in the mind of the legislature at the time, but so long as it is expressed in general language the courts cannot, in the absence of express restrictions, limit its application to those cases, but must apply it to all cases that come within its terms and its general purpose and policy. Hence statutes framed in general terms apply to new cases that arise, and to new subjects that are created, from time to time, and which come within their general scope and policy. It is a rule of statutory construction that legislative enactments in general and comprehensive terms, prospective in operation, apply alike to all persons, subjects and business within their general purview and scope coming into existence subsequent to their passage. Thus, an automobile may come within the provisions of an act relating to vehicles generally, although the statute was passed before the invention of automobiles"; etc.

The only question, accordingly, before us is as to whether or not the terms of the statute above quoted can be said to fairly embrace an automobile. And in this connection it should be borne in mind that exemption statutes are construed liberally so as to effect their beneficient purposes. 25 C. J. 10. Counsel for appellant cite a number of cases which are believed to support his contention. Most, if not all of them, may be distinguished from the case at bar by reason of different statutory provisions. In First State Bank of Perkins v. Pulliam, 112 Okl. 22, 239 Pac. 595, it appears that the statutes of that state specifically provide that automobiles and other motor vehicles shall not be exempt from attachment or execution, and the case is, accordingly, not in point. In Eastern Manufacturing Company v. Thomas, 82 S. C. 509, 64 S. E. 401, the court apparently held that an automobile was not exempt for the reason that the claimant for exemption was not the

head of a family. That point is not, however, quite clear. The case was decided in 1909, at a time when automobiles were still comparatively scarce, and even if the court meant to decide that an automobile is not a tool or implement of trade, the economic situation has so changed in the meantime that the case can not be regarded as an authority at this time. In Burns v. Christianson, 16 Alberta 394, 60 D. L. R. 173, the statute exempted tools and necessary implements of trade. An automobile was held not to be exempt. The reasoning is largely based on the fact that the term "trade" is not synonymous with "business" or occupation or employment, and that tools and implements of trade refer to those of comparatively small value, one of the judges stressing the fact that the statute referred to a number of small instruments and not to a single instrument of considerable value. If the statute had exempted tools and implements of business, as is true in this state, the court might have come to a different conclusion. The case was followed in McLeod v. Telephone Ass'n., 1926 D. L. R. Vol. 1, p. 216, the court saying that "it is extremely doubtful whether such car is a tool or implement." The case of Gann v. McGee, 19 Ga. App. 13, 90 S. E. 976, also cited in appellant's brief, does not seem to be in point. In Gordon v. Brewer, 32 Ohio App. 199, 166 N. E. 915, the court went apparently farther than the facts warranted, and seemingly meant to hold that no automobile should be held to be exempt for the reason that it would be necessary in each particular case to determine as to whether or not the facts would warrant an exemption. Such reasoning cannot, however, be considered as sound. Exemption statutes do not apply to everyone. A determination of the facts which warrant an exemption is necessary in every case. The point actually decided by the court was that a real estate broker could not claim an automobile as exempt, and that it was in

fact used by him only as a convenience. We have no occasion, at this time at least, to question the soundness of that holding. Not every man who uses an automobile can hold it exempt from execution or attachment. Thus it has been held in Louisiana that a traveling insurance agent cannot claim such vehicle as exempt, since he can carry on his business by the use of other conveyances. Morris-Wilson Buick Co. v. Robertson, (La. App.) 149 So. 339. On the other hand the same court held in Webb v. Larcade et al., 17 La. App. 21, 134 So. 292, 135 So. 262, that the opposite rule should be applied in the case of a physician, since he cannot wait for a bus or a train to carry him to his patients. Further illustration are unnecessary.

The case of Spangler v. Corless, 61 Utah 88, 211 Pac. 692, 28 A. L. R. 72, is, we think, peculiarly applicable in the case at bar. An automobile was claimed to be exempt from execution by a physician. The statute gave him an exemption of "one horse, with vehicle and harness or other equipments." The court said that while automobiles were unknown when the Utah statute was enacted, the intent of the legislature, nevertheless, was to exempt the means of conveyance used by the physician in making his professional calls, and accordingly held an automobile exempt. So it may well be said that when our statute exempted the "tools, team and implements" used for the purpose of carrying on a business, the legislature clearly had in mind to exempt the means by which a man's business is carried on. Under the Kansas statute the "necessary tools and implements" used in a man's trade or business are exempt. It was held in Dowd v. Heuson, 122 Kan. 278, 252 Pac. 260, 52 A. L. R. 823, that a foreman of a construction company was entitled to have exempt, under the foregoing statute, an automobile which was a necessary means to carry on his business The automobile was held to be an implement. It was construed in the

same way in Wickham v. Traders' State Bank, 95 Kans. 657, 149 Pac. 433. That case relies, among others, on White v. Gemeny, 47 Kans. 741, 28 Pac. 1011, 27 Am. St. R. 320, wherein it was held that a hotel bus, driven by horse-power, was an implement. And if such bus, or a buggy, is an implement (as held in Pluckham v. Bridge Company, 104 App. Div. 404, 93 N. Y. S. 748; Wilhite v. Williams, 4 Kans. 288, 21 Pac. 256), it is difficult to see why an automobile should not come within the meaning of that term. See also Federal Agency v. Investment Co., 122 Kans. 460, 252 Pac. 262; Printz v. Shepard, 128 Kans. 210, 276 Pac. 811. In Hamnes & Co. v. Johnson, 16 La. App. 580, 135 So. 77, a school bus was held to be exempt as a "tool or instrument," whereby the claimant made his living. In A. Wilbert's Sons L. & S. Co. v. Ricard, 167 La. 415, 119 So. 411, the court held exempt a motor truck used by a lessee of a farm to transport slaughtered and dressed beeves to the market as a tool or instrument necessary to claimant to exercise his calling. In Webster's New International Dictionary, the term "implement" is defined as "an instrument, tool or utensil used by men to accomplish a given work." We think, accordingly, that the terms used in our statute are amply broad to include the automobile in question. The respondent is a taxi driver. That is his business. The day of the horse and buggy is over. Unless the plaintiff can claim as exempt an automobile, to the value permitted by statute, he has, for practical purposes, no exemption at all. We think that the judgment of the trial court is correct, and it is accordingly affirmed.

*Affirmed.*

KIMBALL, Ch. J., and RINER, J., concur.