**Jerald James JOHNSTON, Debtor–Appellant,**

v.

**Gary BARNEY, Trustee–Appellee.**

**No. 84–2453.**

United States Court of Appeals, Tenth Circuit.

March 28, 1988.

Georg Jensen, Law Offices of Georg Jensen, Cheyenne, Wyo., for debtor-appellant.

Gary A. Barney, Gary A. Barney, P.C., Lander, Wyo., for trustee-appellee.

* Honorable Dale E. Saffels, United States District Judge for the District of Kansas, sitting by designation.

Before HOLLOWAY, Chief Judge, ANDERSON, Circuit Judge, and SAFFELS, District Judge *.

SAFFELS, District Judge.

The debtor in this Chapter 7 bankruptcy proceeding, Jerald James Johnston, claimed an exemption under Wyoming law for his 1967 half-ton pickup truck, which he uses for transportation to and from his job as a waiter at a restaurant in Jackson, Wyoming. The trustee, Gary Barney, objected to the exemption, contending that under the Wyoming statute, the pickup truck was not "a motor vehicle ... used and kept for the purpose of carrying on" a trade or business. On stipulated and uncontested facts, the bankruptcy judge denied the exemption. The district judge affirmed the bankruptcy decision. We likewise affirm.

**I.**

On December 1, 1983, Jerald James Johnston filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Wyoming. As part of his petition, Johnston claimed an exemption for his 1967 half-ton pickup, valued at $700.00. Under section 522(b)(2)(A) of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 522(b)(2)(A) (1982), a debtor is permitted to exempt from property of the estate certain items listed in section 522(d), unless the state of the debtor's domicile has specifically opted out of the federal exemption scheme and has provided its own exemptions. Wyoming is such an "opt-out" state. Wyo.Stat. § 1–20–109 (1983). The exemption sought by Johnston derives from the following statute: "The tools, a motor vehicle, team, implements or stock in trade of any person, used and kept for the purpose of carrying on his trade or business, not exceeding two thousand dollars ($2,000.00) ... are exempt from levy or sale upon execution, writ of attachment or any process out of any court in this state." Wyo.Stat. § 1–20–106(b) (1983).

At the time of the bankruptcy petition, Johnston lived several miles from Jackson, Wyoming, where he worked as a waiter at a restaurant. The pickup truck was the sole means of transportation available to Johnston for commuting to work. The only use of the pickup truck in any way connected to Johnston's employment was as a means of transportation to and from the restaurant. Bankruptcy trustee Barney objected to the exemption, claiming that the truck was not used and kept for the purpose of carrying on Johnston's trade or business. On May 3, 1984, the bankruptcy judge found that although the debtor required the vehicle to reach his workplace, the vehicle was not used directly in the performance of the debtor's employment duties and could not be claimed as an exemption. The debtor appealed to the United States District Court for the District of Wyoming, which affirmed.

On appeal, the parties have presented this sole issue: Under Wyoming Statutes section 1–20–106(b), when a vehicle is (1) not used directly in the performance of a person's employment duties, and (2) required by a person to commute to his or her sole workplace, can the person claim the vehicle as an exemption? The court finds that the vehicle cannot be so claimed.

## II.

The dearth of Wyoming case law construing section 1–20–106(b) leaves the court with very little precedent. Apparently, the sole published opinion containing any substantive analysis is *Pellish Bros. v. Cooper*, 47 Wyo. 480, 38 P.2d 607 (1934). The Wyoming Supreme Court in *Pellish Bros.* applied the predecessor of section 1–20–106(b), which exempted "[t]he tools, team and implements, or stock in trade of any ... person, used and kept for the purpose of carrying on his trade or business." Rev. St.Wyo. § 89–2992 (1931). This statute had originally been enacted in 1886 and had not been amended to include automobiles. The *Pellish Bros.* court interpreted section 89–2992 as demonstrating that the state legislature "clearly had in mind to exempt the means by which a man's business is carried

on." 47 Wyo. at 486, 38 P.2d at 609. The court found that a taxi driver's vehicle was an implement (defined by the court, per Webster's New International Dictionary, as "an instrument, tool or utensil used by man to accomplish a given work") for which an exemption was appropriate under Wyoming law. *Id.* at 487, 38 P.2d at 610. The *Pellish Bros.* case was the principal authority relied upon by the district judge in affirming the bankruptcy court's denial of exemption. R. 74.

This court has previously stated that whether an item is used in a bankrupt's "trade" is a fact question based on an individual's particular circumstances. *Central Nat'l Bank and Trust Co. of Enid, Okla. v. Liming*, 797 F.2d 895, 902 (10th Cir.1986). Relying upon the plain meaning of the statute and its interpretation by the Wyoming Supreme Court in *Pellish Bros.*, the court must find that Johnston's pickup truck is not a means by which his business is carried on. While it may be true that because of simple geographics Johnston is unable to get to work without his pickup, this fact alone does not place the vehicle within the scope of items used and kept for the purpose of carrying on his job as a waiter. Johnston's work duties do not involve any use of transportation. If he happened to live within a reasonable walking distance from the restaurant, this dispute would not even have arisen. Given the language of the statute, the Wyoming Legislature could not plausibly have intended to grant an exemption dependent upon the fortuitous circumstance of a debtor's commute to his or her work station, although such an exemption could certainly have been drafted. *See Levin v. Mauro*, 425 F.Supp. 205, 206 (D.Mass.1977) (applying a Massachusetts statute that created an exemption for an automobile necessary for personal transportation or to secure or maintain employment). Granting an exemption in the present case would open up an entirely new class of protected property, especially in a predominantly rural state as Wyoming. The court cannot read the statute so broadly absent a more definite statement of intent by the Wyoming courts or its legislature.

While it may be, as Johnston argues, that "exemption statutes are construed liberally so as to effect their beneficent purposes," *Pellish Bros.*, 47 Wyo. at 484, 38 P.2d at 609, the Wyoming Supreme Court also recognized that a court is limited in its application of an exemption statute by what the terms of that statute can fairly be said to embrace. *Id.* at 484, 38 P.2d at 608–09. The language chosen by the Wyoming Legislature cannot be said to embrace the exemption requested by Johnston.

Even in the more compelling cases in which a debtor utilizes certain specialized tools, equipment, or machinery in his or her trade and must transport these to various job sites, a substantial number of courts have denied an exemption for a vehicle. *See In re Horton*, 76 B.R. 166 (Bankr.D. Mont.1987) (musician carrying musical instruments); *In re Weiss*, 51 B.R. 224 (Bankr.D.Colo.1985) (house remodeler carrying materials and employees); *In re Rice*, 35 B.R. 431 (Bankr.D.Kan.1982) (automobile mechanic carrying tools); *In re Maricle*, 25 B.R. 36 (Bankr.N.D.Tex.1982) (automobile mechanic). Therefore, it is not surprising that every court applying analogous "trade or business" laws to the issue of a vehicle used *solely* for commuting to one's workplace has denied the exemption. *In re Parker*, 40 B.R. 490 (Bankr.N.D.Ala. 1984); *In re Rice*, 35 B.R. 431 (Bankr.D. Kan.1982); *In re Langley*, 21 B.R. 772 (Bankr.D.Me.1982); *In re Damron*, 5 B.R. 357 (Bankr.W.D.Ky.1980); *In re Meyers*, 2 B.R. 603 (Bankr.E.D.Mich.1980); *Thorpe Elec. Supply, Inc. v. Deitz*, 104 Misc.2d 994, 429 N.Y.S.2d 386 (N.Y.Co.Ct.1980).

### III.

In light of the plain meaning of the statute, the asserted exemption must be denied, and the decision of the district court is AFFIRMED.