In re Karl Wesley GREGORY and Nancy Lou Gregory, Debtors.

Karl Wesley Gregory and Nancy Lou Gregory, Appellants,

v.

Tracy Lynne Zubrod, Trustee, Appellee.

BAP No. WY–99–048
Bankruptcy No. 99–20058.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Feb. 29, 2000.

Georg Jensen of Law Offices of Georg Jensen, Cheyenne, WY, for Plaintiffs—Appellants.

Tracy L. Zubrod, Cheyenne, WY, pro se.

Before PUSATERI, BOULDEN, and ROBINSON, Bankruptcy Judges.

## OPINION

ROBINSON, Bankruptcy Judge.

Debtors Karl and Nancy Gregory (the Debtors) appeal from the decision of the bankruptcy court sustaining the Chapter 7 trustee's objection to the claim of exemption for a Colt pistol as a tool of the trade. For the reasons set forth below, we AFFIRM.

### I. Background.

Debtor Karl Gregory is employed as a security officer with the United States Air Force. The Debtor listed two of his seven firearms as exempt in their Chapter 7 bankruptcy: 1) a Glock pistol that · the Debtor uses in his employment as a security officer, and 2) a Colt pistol that he uses as a practice weapon. The Debtor testified at the first meeting of creditors that he is required to have a firearm for his employment, and uses the Glock pistol on a daily basis. The Debtor further testified that his employer did not require him to have a practice weapon, that he does not carry his Colt pistol during work hours, and that he only uses it as a practice weapon.

The Chapter 7 trustee (the trustee) objected to the exemption of the Colt pistol. The trustee and the Debtors' counsel ap-peared at the hearing; the Debtors did not appear. The bankruptcy court found that the Debtor uses the Colt pistol for his personal use, and that there was no evidence before the court indicating the Colt was used and kept for the purpose of carrying on his trade or business. The court held that the Colt pistol was not an allowable tool of the trade exemption because it was not directly related to the Debtor's employment. The court granted the trustee's objection.

This appeal followed.

### II. Appellate Jurisdiction.

This Court, with the consent of the parties, has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1). Under this standard, we have jurisdiction over this appeal. The parties have consented to this Court's jurisdiction in that they have not opted to have the appeal heard by the United States District Court for the District of Wyoming. *Id.* § 158(c); 10th Cir. BAP L.R. 8001–1(a) and (d). The appeal was filed timely by the Debtor, and the bankruptcy court's Order is "final" within the meaning of § 158(a)(1). *See* Fed. R. Bankr.P. 8001–8002.

### III. Standard of Review.

The Bankruptcy Appellate Panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings. Fed. R. Bankr.P. 8013. "For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable de novo), questions of fact (reviewable for clear error), and matters of discretion (reviewable for 'abuse of discretion')." *Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

## IV. Discussion.

The issue before this Court is whether the bankruptcy court properly held that a security officer's practice weapon was not exempt as a tool of the trade. Wyoming has specifically opted out of the federal exemption scheme. Wyo. Stat. Ann. § 1–20–109. *See Johnston v. Barney*, 842 F.2d 1221 (10th Cir.1988). Thus, resolution of this appeal requires an analysis of Wyoming law relating to exempt property, and the burden fell upon the trustee to prove the exemption was not properly claimed. Fed. R. Bankr.P. 4003(c).

The applicable Wyoming exemption statute provides that:

> The tools, team, implements or stock in trade of any person, used and kept for the purpose of carrying on his trade or business, not exceeding in value two thousand dollars ($2,000.00), or the library, instruments and implements of any professional person, not exceeding in value two thousand dollars ($2,000.00), are exempt from levy or sale upon execution, writ of attachment or any process out of any court in this state.

Wyo. Stat. Ann. § 1–20–106(b).

"When interpreting a statute, the language of the statute is first examined." *Zeigler Eng'g. Sales, Inc. v. Cozad (In re Cozad)*, 208 B.R. 495, 497–98 (10th Cir. BAP 1997) (citing *Dalton v. Internal Revenue Service*, 77 F.3d 1297, 1299 (10th Cir. 1996)). "Language is given its common meaning if the unambiguous statutory language is not defined and the result is not absurd or contrary to the legislative purpose." *Id.* at 498 (citing *Dalton*, 77 F.3d at 1299). When interpreting exemption statutes, the interpretation must further the spirit of such laws. Specifically, the court must be "guided by the general principle that exemption statutes are to be liberally construed so as to effect their beneficent purposes." *Royal v. Pancratz (In re Pancratz)*, 175 B.R. 85, 93 (D.Wyo. 1994) (citing, among others, *Johnston v. Barney*, 842 F.2d at 1223; *Geist v. Converse County Bank*, 79 B.R. 939, 944 (D.Wyo.1987)). However, the Wyoming Supreme Court also recognized that a court is limited in its application of an exemption statute by what the terms of that statute can fairly be said to embrace. *See Johnston v. Barney*, 842 F.2d at 1223 (citing *Pellish Bros. v. Cooper*, 47 Wyo. 480, 484, 38 P.2d 607, 609 (1934)).

The pertinent language of the tool of the trade exemption statute speaks to whether the property, not exceeding $2,000 in value, is "used and kept for the purpose of carrying on [the debtor's] trade or business." The trustee argues that the Colt pistol is not actually used by the Debtor to carry out his employment as a security officer. The Debtor counters that any property that is convenient for the Debtor relative to his employment should qualify as a tool of the trade, and that no requirement of "necessity" exists in the Wyoming statutory exemption scheme. The Debtor further argues that the Wyoming exemption statute is quantitative rather than qualitative, and the court should limit its inquiry to whether the property claimed as exempt meets the limit on valuation.

The Wyoming Supreme Court in *Pellish Bros. v. Cooper*, 47 Wyo. 480, 38 P.2d 607 (1934), applied the predecessor of section 1–20–106(b), which similarly exempted "[t]he tools, team and implements, or stock in trade of any ... person, used and kept for the purpose of carrying on his trade or business." Rev. Stat. Wyo. § 89–2992 (1931). The court interpreted section 89–2992 as demonstrating that the state legislature "clearly had in mind to exempt the means by which a man's business is carried on." *Id.* at 609. The court found that a taxi driver's vehicle was an implement for which an exemption was appropriate under Wyoming law. *Id.* at 610.

The Tenth Circuit relied upon the *Pellish Bros.* case in *Johnston v. Barney*, 842 F.2d at 1222. In *Johnston*, the debtor claimed an exemption under section 1–20–106(b) for his pickup truck, which he used

for transportation to and from his job as a waiter. The version of section 1–20–106(b) in effect at that time had been amended to include automobiles. The court relied upon the plain meaning of the statute and its interpretation in *Pellish Bros.* in finding that the debtor's pickup truck was not a "means by which his business is carried on." *Id.* The court found that, while the debtor may not have been able to get to work without his pickup, his work duties as a waiter did not involve any use of transportation, and declined to read the exemption so broadly. *Id.*

Applying these principles, we conclude that the bankruptcy court did not err in finding the Debtor's practice weapon is not a tool of the trade. The practice weapon is not a means by which the Debtor's business is carried on. While the Debtor may use the Colt pistol to prepare himself for work, the practice weapon is not used directly in the performance of his duties as a security officer. The language of the Wyoming statute cannot be said to embrace the exemption requested by the Debtor.

We further reject the Debtor's characterization of the tools of the trade exemption as merely quantitative. Whether property qualifies as a tool of the trade is the threshold determination for a claim of exemption. Section 1–20–106 specifically provides that, in order to be exempt, property must be "used and kept ... for the purpose of carrying on [the debtor's] trade or business." The requirement that a debtor actually use the property in question and that it be a means by which the debtor's business or trade is carried on prevents something from being classified as a tool of the trade just because a debtor says it is.

Finally, we reject the Debtors' contention that the trustee did not meet her burden of proof. Once an exemption has been claimed, it is the objecting party's burden to prove that the exemption is not properly claimed. Fed. R. Bankr.P. 4003(c). Initially, this means that the objecting party has the burden of production and persuasion. If the objecting party can produce evidence to rebut the exemption, the burden then shifts back to the debtor to come forward with evidence to demonstrate that the exemption is proper. *See Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n. 3 (9th Cir.1999). In this case, the trustee rebutted the Debtor's claimed exemption through the Debtor's testimony at the § 341 meeting that the Colt pistol was only used for practice and was not required by his employer. It was then incumbent upon the Debtor to offer evidence that the Colt pistol was in fact kept for the purpose of carrying on his business as a security officer. For whatever reason, neither of the Debtors appeared at the hearing on the trustee's objection. Accordingly, we conclude that the trustee met her burden of proof and we will not disturb the bankruptcy court's decision on these grounds.

## V. Conclusion.

In light of the plain meaning of the statute, the asserted exemption must be denied and the decision of the bankruptcy court is AFFIRMED.