**FILED**
**U.S. Bankruptcy Appellate Panel**
**of the Tenth Circuit**

**January 29, 2020**

**Blaine F. Bates**
**Clerk**

NOT FOR PUBLICATION[*]

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE TENTH CIRCUIT

_____

| | |
|---|---|
| IN RE WENDY SUE OWENS, | BAP No. WY-19-027 |
| Debtor. | |
| _____ | |
| WENDY SUE OWENS, | Bankr. No. 19-20060 |
| Appellant, | Chapter 7 |
| v. | |
| RANDY L. ROYAL, CHAPTER 7 TRUSTEE, | OPINION |
| Appellee. | |

_____

Appeal from the United States Bankruptcy Court
for the District of Wyoming
_____

Submitted on the briefs.[**]
_____

Before **NUGENT**, Chief Judge, **MICHAEL**, and **MOSIER**, Bankruptcy Judges.
_____

---

[*]    This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[**]    After examining the briefs and appellate record, the Court has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. Bankr. P. 8019(b). The case is therefore submitted without oral argument.

**MICHAEL**, Bankruptcy Judge.

_____

Wendy Sue Owens (the "Debtor"), an attorney employed by Legal Aid of Wyoming, claimed a motor vehicle as exempt under Wyoming's tools of the trade exemption statute in her chapter 7 bankruptcy petition. The chapter 7 trustee objected. The United States Bankruptcy Court for the District of Wyoming (the "Bankruptcy Court") sustained the chapter 7 trustee's objection and disallowed the exemption. The Debtor filed a motion to reconsider, which the Bankruptcy Court denied. The Debtor now appeals both the order sustaining the trustee's objection and the order denying the motion to reconsider. Determining the Bankruptcy Court reviewed the exemption under the appropriate legal standard and did not err in its factual findings, we affirm.

I.    **Factual Background**

The Debtor is an attorney at Legal Aid of Wyoming, a non-profit law firm offering legal assistance to low income individuals throughout Wyoming. The Debtor filed a chapter 7 bankruptcy petition, along with various required statements and schedules, in the District of Wyoming on February 12, 2019. Included with the Debtor's petition was Schedule C, a list of property she claimed as exempt under applicable state and federal "nonbankruptcy" exemptions pursuant to 11 U.S.C. § 522(b)(3).[1] Among other things, the Debtor claimed as exempt two motor vehicles: a 2008 Ford Mustang (the "Ford") and a 2014 Honda Accord (the "Honda"). The Debtor's schedules indicate that she owns the

_____

[1]    All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.

Ford free and clear of any liens, but that she still owes $3,016 to American Honda Finance on the Honda.[2] Schedule C claims the Ford, valued at $2,000.00, as fully exempt pursuant to Wyoming's motor vehicle exemption statute.[3] Schedule C claims the Honda, valued at $7,944.00, as exempt pursuant to Wyoming's "tools of the trade" exemption statute.[4]

The Debtor's bankruptcy case was assigned to chapter 7 trustee Randy Royal (the "Trustee"). The Trustee took issue with the Debtor's claim of exemptions in motor vehicles early on in the case, initially requesting that the Debtor repurchase the Ford from the bankruptcy estate for $2,674.00.[5] After the Debtor failed to respond to the Trustee's request, the Trustee filed an objection to the Debtor's claim of exemptions in the Ford and the Honda (the "Objection to Exemption").[6] In the Objection to Exemption, the Trustee argued that state law only allows the Debtor to exempt one motor vehicle. In addition, the Trustee argued that the Debtor had not shown that either the Ford or the Honda qualified as a tool of the trade. The Bankruptcy Court scheduled a non-evidentiary telephonic hearing on the Objection to Exemption.

---

[2]     Schedule D, *in* Appellant's App. at 3.
[3]     Schedule C, *in* Appellant's App. at 1. Wyo. Stat. § 1-20-106(a)(iv) allows a debtor to claim the value of a motor vehicle not exceeding $5,000 exempt.
[4]     Wyo. Stat. § 1-20-106(b) allows a debtor to claim the value of "tools . . . in trade of any person, used and kept for the purpose of carrying on his trade or business" not exceeding $4,000 as exempt. Wyo. Stat. § 1-20-106(b) (2016). Because the Debtor had $4,928 in equity in the Honda according to her valuation, presumably had her exemption been allowed, she would have been required to pay the bankruptcy estate the excess $928 above the amount of the allowed exemption.
[5]     *Trustee's Directive*, *in* Appellant's App. at 14.
[6]     *Trustee's Objection to Claim of Exemption*, *in* Appellant's App. at 5.

The Debtor filed a response to the Objection to Exemption, asserting the Honda is a tool of the Debtor's trade. Specifically, the Debtor asserted she is an attorney employed by Legal Aid of Wyoming and the Honda is used for the purpose of carrying on her occupation. The Debtor provided an affidavit stating she uses the Honda "for travel around the state of Wyoming . . . for court hearings, depositions, filing of pleadings, client conferences and various other legal matters."[7]

The Bankruptcy Court conducted a non-evidentiary telephonic hearing on the Objection to Exemption on May 15, 2019. At the conclusion of the hearing, the Bankruptcy Court sustained the Trustee's objection, making its oral ruling on the record. Subsequently, the Bankruptcy Court entered its *Minutes of Proceeding* on the docket.[8] The Bankruptcy Court concluded the Debtor could not claim the Honda as exempt under the tools of the trade exemption based on its application of *Johnston v. Barney*.[9] In *Johnston*, the United States Court of Appeals for the Tenth Circuit (the "Tenth Circuit") held that a debtor could not use Wyoming's tools of the trade exemption to claim a motor vehicle used to commute to a debtor's job as a waiter in a restaurant as exempt. The Bankruptcy Court found the only difference between *Johnston* and the Debtor's case was that the Debtor used the Honda to travel to multiple work locations. Furthermore, the Bankruptcy Court found the act of driving was not an exercise of the Debtor's profession as an attorney but was only necessary to get from place to place. Therefore, pursuant to

---

[7]     *Affidavit of Wendy Owens* at 1, *in* Appellant's App. at 13.
[8]     Appellant's App. at 18.
[9]     *Johnston v. Barney*, 842 F.2d 1221 (10th Cir. 1988).

*Johnston* and other authority, the Honda could not be claimed exempt as a tool of the trade.[10]

The Debtor filed a *Motion to Reconsider* the Bankruptcy Court's denial of the exemption.[11] The Debtor attached a supplemental affidavit in support of the *Motion to Reconsider*. In the supplemental affidavit, the Debtor stated that (i) she generally travels to her office in Gillette, Wyoming prior to traveling to any other location; (ii) she receives mileage reimbursement for travel to hearings and court proceedings outside of Gillette, but no reimbursement for commuting to her office in Gillette; and (iii) she uses the Honda to transport exhibits, files, and occasionally clients and witnesses to hearings and court proceedings.[12]

The Bankruptcy Court analyzed the *Motion to Reconsider* under Federal Rule of Civil Procedure 59,[13] concluding it had already "considered [the] Debtor's argument at the non-evidentiary hearing and rejected it."[14] Accordingly, the Bankruptcy Court denied

---

[10]    *Tr.* at 7-8, *in* Appellant's App. at 36-37 (first citing *Johnston*, 842 F.2d at 1222; and then citing *In re Black*, 280 B.R. 258, 260 (Bankr. D. Colo. 2002)).
[11]    Appellant's App. at 19.
[12]    *Supplemental Affidavit of Wendy Owens*, *in* Appellant's App. at 22.
[13]    Made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9023.
[14]    *Order Denying Debtor's Motion to Reconsider*, *in* Appellant's App. at 23. All future references to "Bankruptcy Rule(s)" are to the Federal Rules of Bankruptcy Procedure. All future references to "Civil Rule(s)" are to the Federal Rules of Civil Procedure.

the *Motion to Reconsider*. The Debtor filed a timely notice of appeal of both the order denying the claim of exemption and the order denying the *Motion to Reconsider*. [15]

## II. Jurisdiction

"With the consent of the parties, this Court has jurisdiction to hear timely-filed appeals from 'final judgments, orders, and decrees' of bankruptcy courts within the Tenth Circuit."[16] Neither party elected to have this appeal heard by the United States District Court for the District of Wyoming; thus they have consented to our review.

"A decision is considered final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[17] An order denying a debtor's claim of exemption is a final order for purposes of appellate review.[18] An order denying a motion pursuant to Bankruptcy Rule 9023 is also final for purposes of appellate review provided the underlying order is final.[19] Accordingly, we have jurisdiction to hear the appeal of both orders.

## III. Standard of Review

The Debtor's brief raises two issues for this Court's consideration. First, the Debtor argues that the Bankruptcy Court erred in not applying a "liberal" interpretation

---

[15]     *Notice of Appeal*, *in* Appellant's App. at 25.

[16]     *Straight v. Wyo. Dep't of Trans. (In re Straight)*, 248 B.R. 403, 409 (10th Cir. BAP 2000) (first quoting 28 U.S.C. § 158(a)(1); and then citing 28 U.S.C. § 158(b)(1), (c)(1) and Fed. R. Bankr. P. 8002).

[17]     *In re Duncan*, 294 B.R. 339, 341 (10th Cir. BAP 2003) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996)).

[18]     *In re Kester*, 339 B.R. 749, 752 (10th Cir. BAP 2006) (quoting *In re Carlson*, 303 B.R. 478, 480 (10th Cir. BAP 2004)).

[19]     *In re Onyeabor*, No. UT-14-047, 2015 WL 1726692, at *3 n.20 (10th Cir. BAP Apr. 15, 2015) (citing *In re Ewing*, No. UT-07-074, 2008 WL 762458, at *1 & n.4 (10th

of Wyoming's tool of the trade exemption. Second, the Debtor argues that the Bankruptcy Court erred in finding that the Debtor did not use the Honda for the purpose of carrying on her trade as an attorney pursuant to Wyoming's tools of the trade exemption statute.

Whether a bankruptcy court correctly interprets and applies a state statute is a question of law that we review *de novo*.[20] "*De novo* review requires an independent determination of the issues, giving no special weight to the bankruptcy court's decision."[21] Whether a bankruptcy court properly determined a tool or implement is used in a debtor's trade is a factual finding that we review for clear error.[22] "A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all of the evidence, we are left with the definite and firm conviction that a mistake has been made."[23] An order denying relief pursuant to Bankruptcy Rule 9023 is reviewed for

---

Cir. BAP Mar. 24, 2008) (unpublished)) (concluding order resolving Rule 59(e) and Rule 60(b) motions was final) (unpublished).

[20]    *See In re Geldhill*, 164 F.3d 1338, 1340 (10th Cir. 1999); *see also In re Carlson*, 303 B.R. at 481 (citing *Sloan v. Zions First Nat'l Bank (In re Castletons, Inc.)*, 990 F.2d 551, 557 (10th Cir. 1993)) (reviewing a court's interpretation of a state exemption statute *de novo*).

[21]    *In re Bryan (Peters v. Clark)*, 857 F.3d 1078, 1091 (10th Cir. 2017) (citing *Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991)).

[22]    *In re Gregory*, 246 F.3d 681, 2000 WL 1809081, at *1 (10th Cir. Dec. 11, 2000) (citing *Cent. Nat'l Bank & Tr. Co. of Enid, Okla. v. Liming (In re Liming)*, 797 F.2d 895, 902 (10th Cir. 1986) ("[w]hether an implement is used in a bankrupt's 'trade' is a fact question")) (unpublished). The Bankruptcy Court did not hold an evidentiary hearing on the Objection to Exemption and it does not appear either party requested such a hearing. However, the record before us includes the Debtor's affidavits, which the Bankruptcy Court appears to have relied upon in finding "[t]he driving a vehicle is not part of the profession of being an attorney." *Tr.* at 7, *in* Appellant's App. at 36.

[23]    *In re Miniscribe*, 309 F.3d 1234, 1240 (10th Cir. 2002) (quoting *Conoco, Inc. v. Styler (In re Peterson Distrib., Inc.)*, 82 F.3d 956, 959 (10th Cir. 1996)).

abuse of discretion.[24] "Under the abuse of discretion standard 'a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'"[25]

## IV. Discussion

### a. The Bankruptcy Court Did Not Err in Sustaining the Trustee's Objection to the Debtor's Tools of the Trade Exemption

Section 522 allows a chapter 7 debtor to exempt certain property from the bankruptcy estate, preventing a trustee from liquidating the property and distributing the proceeds to creditors.[26] Wyoming limits the exemptions a debtor may claim in bankruptcy to those exemptions allowed by state law, opting out of the federal exemptions provided by § 522(d).[27] The Wyoming exemption statute in effect on the petition date allowed the Debtor to claim "[t]he value in a motor vehicle not exceeding five thousand dollars" as exempt from "levy or sale upon execution, writ of attachment or any process issuing out of any court in this state."[28] The Debtor could also exempt "[t]he

---

[24]   *In re Onyeabor*, 2015 WL 1726692, at *3 (10th Cir. BAP 2015) (first citing *Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1287 (10th Cir. 2003); and then citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)).
[25]   *In re Bryan*, 857 F.3d at 1091 (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1553-54 (10th Cir. 1991)).
[26]   *See* 11 U.S.C. § 522(l).
[27]   Wyo. Stat. Ann. § 1-20-109 (2004).
[28]   Wyo. Stat. Ann. § 1-20-106(a)(iv) (2016).

tools, team, implements or stock in trade of any person, used and kept for the purpose of carrying on his trade or business, not exceeding in value four thousand dollars."[29]

The Bankruptcy Court held the Wyoming tools of the trade exemption did not allow the Debtor to exempt the Honda from the bankruptcy estate as a tool or implement of her trade as an attorney. Two Tenth Circuit opinions inform our review of the Bankruptcy Court's interpretation of the Wyoming statute. The first, *Johnston v. Barney*,[30] considers facts somewhat analogous to those in the present case. In *Johnston*, the chapter 7 debtor worked as a waiter in a restaurant in Jackson, Wyoming. The Debtor claimed his 1967 pick-up truck as exempt as a tool of his trade. The debtor lived several miles from the restaurant and used the pick-up truck to travel to and from work. Apart from the commute to work, the pick-up truck had no connection to the debtor's job as a waiter. The chapter 7 trustee objected to the debtor's claim of exemption in the pick-up truck. The Bankruptcy Court for the District of Wyoming sustained the objection, holding the pick-up truck was not directly used in the performance of the debtor's employment duties. At the time, the Wyoming tools of the trade exemption provided an exemption in "[t]he tools, *a motor vehicle*, team, implements or stock in trade of any person, used and kept for the purpose of carrying on his trade or business."[31]

The debtor appealed to the United States District Court for the District of Wyoming, which affirmed. On appeal to the Tenth Circuit, the parties framed the issue as

---

[29]     Wyo. Stat. Ann. § 1-20-106(b) (2016).
[30]     842 F.2d 1221 (10th Cir. 1988).
[31]     Wyo. Stat. Ann. § 1-20-106(b) (1983) (emphasis added).

9

whether "[u]nder Wyoming Statutes section 1-20-106(b), when a vehicle is (1) not used directly in the performance of a person's employment duties, and (2) required by a person to commute to his or her sole workplace, can the person claim the vehicle as an exemption?"[32] In affirming the bankruptcy court decision, the Tenth Circuit applied the only Wyoming Supreme Court case interpreting the tools of the trade exemption, *Pellish Brothers v. Cooper*.[33] In *Pellish Brothers*, the Wyoming Supreme Court determined the tools of the trade exemption statute in effect at the time "demonstrat[ed] that the state legislature 'clearly had in mind to exempt the means by which a man's business is carried on.'"[34] As such, the Wyoming Supreme Court held "a taxi driver's vehicle was an implement . . . for which an exemption was appropriate under Wyoming law."[35]

The Tenth Circuit noted the Wyoming Supreme Court "recognized that a court is limited in its application of an exemption statute by what the terms of that statute can fairly be said to embrace."[36] Accordingly, the Tenth Circuit held that the fact a debtor used a vehicle to commute to work could not—on that basis alone—be used as the basis for a tool of the trade exemption under Wyoming law. Specifically, the Tenth Circuit noted that the debtor's "work duties [did] not involve any use of transportation,"[37] and, if the debtor "happened to live within reasonable walking distance from the restaurant, [the]

---

32      *Johnston*, 842 F.2d at 1222.
33      38 P.2d 607, 609 (Wyo. 1934).
34      *Johnston*, 842 F.2d at 1222 (quoting *Pellish Bros.*, 38 P.2d at 609) (applying a predecessor to Wyo. Stat. Ann. 1-20-106(b) (1983).
35      *Id.*
36      *Id.* at 1223 (citing *Pellish Bros.*, 38 P.2d at 608-09).
37      *Id.* at 1222.

dispute would not even have arisen."[38] The Tenth Circuit concluded that "[g]iven the language of the statute, the Wyoming Legislature could not plausibly have intended to grant an exemption dependent upon the fortuitous circumstance of a debtor's commute to his or her work station, although such an exemption could certainly have been drafted."[39]

The second case involves the Tenth Circuit's review of this Court's application of the tools of the trade exemption in *In re Gregory*.[40] *Gregory* involved a chapter 7 debtor who was employed by the United States Air Force as a security officer. The debtor listed seven firearms as assets in his bankruptcy schedules. The debtor claimed two of the seven firearms exempt from his bankruptcy estate pursuant to Wyoming's tools of the trade exemption—one used in his employment as a security officer and another used as a practice weapon. Applying Wyoming Statute § 1-20-106(b), this Court held the practice weapon did not qualify as a tool of the trade because it was "not a means by which the Debtor's business [was] carried on."[41] In affirming this Court's decision, the Tenth Circuit reaffirmed its holding in *Johnston* that a court is "limited in its application for [sic] an exemption statute by what the terms of that statute can be fairly said to embrace."[42]

---

[38] *Id.*

[39] *Id.* (citing *Levin v. Mauro*, 425 F. Supp. 205, 206 (D. Mass. 1977)).

[40] 246 F.3d 681, 2000 WL 1809081 (10th Cir. Dec. 11, 2000) (unpublished), *aff'g* 245 B.R. 171, 173 (10th Cir. BAP 2000)).

[41] *Id.* at *1 (quoting *In re Gregory*, 245 B.R. 171, 174 (10th Cir. BAP 2000)).

[42] *Id.* (quoting *Johnston*, 842 F.2d at 1223).

### i. The Bankruptcy Court Applied the Correct Legal Standard in Interpreting the Wyoming Tools of the Trade Exemption Statute

The Debtor first argues the Bankruptcy Court applied an incorrect legal standard and failed to liberally construe the Wyoming exemption. The Debtor argues the Tenth Circuit articulated the correct legal standard in *Gregory* when it asked whether the tool is used in a manner to allow a debtor to carry on his or her trade or business and that the Debtor's use of the Honda falls within that standard because it "allows her to carry on her law practice in several spread out communities."[43] The Debtor asserts the Bankruptcy Court created a new legal standard whereby "the 'tool' must be an integral or essential part of the trade or business, but the statute's phrase 'carry on' is more expansive."[44] In sum, the Debtor believes the legal standard applied by the Bankruptcy Court is too strict and effectively shifts the burden of proof from the Trustee to the Debtor, contrary to Bankruptcy Rule 4003(c).[45]

In interpreting Wyoming's tools of the trade exemption, the Tenth Circuit concluded the exemption statute limits courts to "what the terms of that statute can fairly be said to embrace."[46] Accordingly, the Tenth Circuit recognized the plain language of the exemption statute provides an exemption in "tools . . . used and kept for the *purpose*

---

[43]    Appellant's Br. 7.

[44]    Appellant's Br. 8.

[45]    Fed. R. Bankr. P. 4003(c) ("In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed.").

[46]    *Gregory*, 2000 WL 1809081, at *1 (quoting *Johnston*, 842 F.2d at 1223).

of carrying on [a person's] trade or business."[47] The Tenth Circuit emphasized the word

*purpose*, suggesting the implement or tool must be used as a means to meet the objective

or goal of the trade.[48]

We do not agree with the Debtor that the Bankruptcy Court ignored the standard

set forth in *Gregory* or rewrote the Wyoming exemption statute to require a tool to be

"essential" or "necessary" to the performance of a trade.[49] Our review of the Bankruptcy

Court's application of the Wyoming tools of the trade exemption statute suggests the

Bankruptcy Court understood the purpose of the Debtor's trade to be the practice of law.

This, the Bankruptcy Court said, entailed advising clients, conducting depositions, and

appearing in court. The Honda, similar to the waiter's pick-up truck in *Johnston,* "is used

to get to the place where [the D]ebtor exercises her profession."[50] As instructed by

*Gregory*, the Bankruptcy Court followed the statutory language by identifying the

---

[47]    *Id.* at *2 (quoting Wyo. Stat. § 1-20-106(b) (2016)).

[48]    *See Purpose*, Black's Law Dictionary (11th ed. 2019) ("An objective, goal or end.").

[49]    We note the Debtor's argument on this issue is conflicting, as she argues the "Bankruptcy Court has for all practical purposes imposed a 'necessity' test in interpreting" Wyoming's exemption statute—a standard not espoused by *Johnston* or *Gregory*. Appellant's Br. 12. However, the Debtor cites cases to support her argument that would effectively require a court to consider the necessity of the motor vehicle in the Debtor's ability to carry on her profession. *See* Appellant's Br. at 11-12 (first citing *In re Sackett*, 394 B.R. 544, 548, 550 (Bankr. D. Colo. 2008) (finding debtor's "ability to conduct business and retain her occupation is dependent upon the use of the" motor vehicle); and then citing *In re Zink*, 177 B.R. 713, 714 (Bankr. D. Kan. 1995) (allowing farmers to exempt pickup trucks as tools of the trade when "regularly and reasonably necessary in carrying on the person's . . . trade.")).

[50]    *Tr.* at 8, *in* Appellant's App. at 37.

purpose of the Debtor's trade and considering whether the tool was used for the purpose of carrying on the trade.[51] This was not in error.

We do not read the Bankruptcy Court's decision as requiring the Debtor to show the Honda be "integral" or "essential" to the Debtor's trade to qualify for the Wyoming exemption. The Bankruptcy Court recognized the purpose of an attorney is to, among other things, advise clients, conduct depositions, and appear in court, none of which require a car—other than for commuting purposes. While the Debtor could not appear in court or other locations without traveling, this fact is not unique to the Debtor's profession and is not materially different from the waiter's situation in *Johnston*. Accordingly, we hold that the Bankruptcy Court did not err in its application of the relevant legal standard, as that standard has been established by the plain language of the Wyoming statute and interpretative decisions of the Wyoming Supreme Court and the Tenth Circuit.[52]

### ii. The Bankruptcy Court Made No Clearly Erroneous Findings of Fact

The Debtor next argues the Bankruptcy Court committed error when it found the Honda is not used for the purpose of carrying on the Debtor's profession. Although the

---

[51] *Tr.* at 7, *in* Appellant's App. at 36 (explaining the tools of the trade exemption applies to "the tools, team, implements or stock in trade of any person, used and kept for the purpose of carrying on his trade or business.").

[52] The Debtor also argues the Bankruptcy Court erred in failing to apply factors articulated in *In re Sackett*, 394 B.R. 544, 548 (Bankr. D. Colo. 2008) to evaluate whether a motor vehicle should be considered a tool of the trade. Appellant's Br. 11-12. We note the Debtor failed to cite *In re Sackett* in the proceedings below and likely forfeited this argument. *In re Duncan*, 294 B.R. 339, 344 (10th Cir. BAP. 2003) (citing *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) ("It is clear in this circuit that

Bankruptcy Court did not conduct an evidentiary hearing on the Objection to Exemption, the record before us includes an affidavit describing the Debtor's use of the Honda, which the Bankruptcy Court considered without objection.[53] Furthermore, the Bankruptcy Court found the Honda is not part of the Debtor's profession.[54] Therefore, we consider the Bankruptcy Court's finding that the Debtor does not use the Honda for the purpose of carrying on her trade for clear error.[55]

The Debtor's affidavit attempts to distinguish her use of the Honda from that of a simple commuter vehicle. Her affidavit states that she uses the Honda to travel to rural areas of Wyoming to appear at court hearings, conduct depositions, file pleadings, and attend client conferences. We are unable to recognize any facts in the affidavit to suggest the Honda is more than a method of transportation in the Debtor's case. While the Debtor claims she must travel for court proceedings, depositions, and conferences, the affidavit fails to explain how the Honda is actually linked to the purpose of the Debtor's job as an attorney *other* than as a commuter vehicle. Although we recognize other forms of travel,

---

absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal")). In any event, the Bankruptcy Court is not bound by decisions of bankruptcy courts in different judicial districts. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (quoting 18 J. Moore et al., *Moore's Fed. Pract.* § 134.02[1][d] (3d ed. 2011))).

[53]    *Affidavit of Wendy Owens*, *in* Appellant's App. at 13.
[54]    *Tr.* at 8, *in* Appellant's App. at 37.
[55]    *See In re Gregory*, 246 F.3d 681, 2000 WL 1809081, at *1 (10th Cir. Dec. 11, 2000) (citing *Cent. Nat'l Bank & Tr. Co. of Enid, Okla. v. Liming (In re Liming)*, 797 F.2d 895, 902 (10th Cir. 1986)) (stating whether an implement is considered a tool of the trade is a factual question) (unpublished).

such as public transportation, are scarce in rural Wyoming, the Debtor fails to establish a connection between the Honda and her trade as an attorney. As the Wyoming exemption statutes already allow an exemption in a motor vehicle, we cannot read the tools of the trade exemption as allowing the Debtor to exempt the Honda absent more compelling facts linking the Honda to the purpose of the Debtor's profession.

Our decision is compelled by the Tenth Circuit's decision in *Johnston*, concluding that although a restaurant employee required transportation to and from work, his "work duties d[id] not involve any use of transportation."[56] The Bankruptcy Court's decision implements *Johnston's* instructions.[57] The Bankruptcy Court explained that allowing the Honda "to qualify as a tool of the trade because it is necessary to transport an individual to locations where they exercise their profession would create a slippery slope that would make the exemption actable in almost all circumstances for a professional in Wyoming."[58] We agree.

The Debtor's argument that the Honda is used for the purpose of performing the trade of an attorney would extend Wyoming's tools of the trade exemption beyond the limits of the Wyoming legislature's intent to exempt "tools . . . used and kept for the

---

[56]   *Johnston v. Barney*, 842 F.2d 1221, 1222 (10th Cir. 1988).
[57]   In *Johnston*, the Tenth Circuit stated, "the Wyoming legislature could not plausibly have intended to grant an exemption dependent upon the fortuitous circumstance of a debtor's commute to his or her work station, although such an exemption could certainly have been drafted." *Id*. As such, "[g]ranting an exemption in [such a] case would open up an entirely new class of protected property" and the statute could not be read "so broadly absent a more definite statement of intent by the Wyoming courts or its legislature." *Id.*
[58]   *Tr.* at 8, *in* Appellant's App. at 37.

16

*purpose* of carrying on [a person's] trade or business."[59] However, Wyoming's legislature already provides debtors with an exemption in one motor vehicle and we are not convinced the tools of the trade exemption embraces the exemption of a second motor vehicle based on the record before us.[60] Accordingly, the Bankruptcy Court did not err in finding the Honda is not a tool or implement used for the purpose of carrying on the Debtor's trade or profession.

### b.  Denial of the *Motion to Reconsider*

Motions for reconsideration are not recognized by either the Bankruptcy Rules or the Civil Rules.[61] However, the Bankruptcy Rules provide that a litigant may seek review of an order or judgment through Civil Rule 59(e), made applicable by Bankruptcy Rule 9023, or Civil Rule 60(b), made applicable by Bankruptcy Rule 9024.[62] Bankruptcy Rule 9023 provides that "[a] motion for a new trial or to alter or amend a judgment shall be filed . . . no later than 14 days after entry of judgment."[63] The Debtor's *Motion to Reconsider* sought relief pursuant to Bankruptcy Rule 9023 and was filed within fourteen

---

[59]     *In re Gregory*, 2000 WL 1809081, at *2 (quoting Wyo. Stat. § 1-20-106(b) (2016)).
[60]     *See* Wyo. Stat. Ann. 1-20-106(a)(iv) (2016).
[61]     *Dimeff v. Good (In re Good)*, 281 B.R. 689, 699 (10th Cir. BAP 2002) (first citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); and then citing *Lopez v. Long (In re Long)*, 255 B.R. 241, 244 (10th Cir. BAP 2000)).
[62]     *In re Onyeabor*, No. UT-14-047, 2015 WL 1726692, at *4 (10th Cir. BAP Apr. 15, 2015) (unpublished).
[63]     Fed. R. Bankr. P. 9023.

days of the entry of the order sustaining the Objection to Exemption. Therefore review pursuant to Bankruptcy Rule 9023 was appropriate.

Bankruptcy Rule 9023, applying Civil Rule 59, provides the bankruptcy court may grant a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."[64] "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[65]

The Debtor takes issue with the Bankruptcy Court's application of *Johnston* based on facts provided by a supplemental affidavit included with her *Motion to Reconsider.*[66] The Debtor argues the two cases are factually distinguishable as the Debtor arrives at her workstation and then uses the Honda to drive to various other locations, unlike in *Johnston*, where the debtor used a vehicle for commuting to a single location. Admittedly, *Johnston* does not address the situation where a debtor commutes to a workstation and then must travel to other locations. However, the Tenth Circuit stated the Wyoming Legislature could have clarified the intent behind the tools of the trade exemption to include a motor vehicle used to commute to and from work but did not.[67] After *Johnston*, the Wyoming Legislature chose not to expand the tools of the trade

---

[64]     Fed. R. Civ. P. 59(a)(1)(B).
[65]     *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citation omitted) (citing *Van Skiver*, 952 F.2d at 1243).
[66]     *Supplemental Affidavit of Wendy Owens*, *in* Appellant's App. at 22.
[67]     *Johnston v. Barney*, 842 F.2d 1221, 1222 (10th Cir. 1988).

exemption to include a motor vehicle used to commute to and from work. Instead, the legislature eliminated the phrase "a motor vehicle" from the tools of the trade exemption altogether and created a separate exemption for a motor vehicle.[68] The Bankruptcy Court understood the Debtor used the Honda to drive from her office in Gillette to other locations when it initially denied the claim of exemption.[69] Accordingly, we cannot hold that the Bankruptcy Court abused its discretion in denying the *Motion to Reconsider* as it applied the appropriate legal standard and made no clearly erroneous findings of fact.[70]

## V. Conclusion

The Debtor asks the Court to extend the Wyoming tools of the trade exemption to a motor vehicle used to travel to court hearings, depositions, and client conferences in remote regions of the state. The Tenth Circuit has expressly held Wyoming's tools of the trade exemption does not extend to a commuter vehicle under similar circumstances. The Bankruptcy Court applied relevant and controlling authority when it determined the Wyoming exemption statute did not embrace the Debtor's proposed application and its findings and conclusions were not in error. Accordingly, we AFFIRM.

---

[68] *Exemption from Execution*, ch. 59, § 1 (1989) (codified as amended Wyo. Stat. Ann. § 1-20-106(b) (1989) (making an exemption in a motor vehicle a standalone exemption)).

[69] *Tr.* at 7, *in* Appellant's App. at 36 ("The only difference in this case is that there are multiple work stations depending on the demands of [the Debtor's] jobs.").

[70] *Farmer v. Banco Popular N. Am.*, 791 F.3d 1246, 1256 (10th Cir. 2015) (citing *Chamber of Commerce v. Edmondson*, 594 F.3d 742, 764 (10th Cir. 2010) (stating a trial court "abuses its discretion when it (1) fails to exercise meaningful discretion . . . , (2) commits an error of law, such as applying an incorrect legal standard or misapplying the correct legal standard, or (3) relies on clearly erroneous factual findings.").